# Northrop *v.* Speary.

## In the Court below,

JOHN SPEARY, *Plaintiff*; JOEL NORTHROP, *Defendant.*

THE plaintiff declared in *assumpsit*, on the following facts: That on the 19th day of June, 1799, he sold to the Defendant a certain piece of land, and gave his deed therefore, describing it by metes and bounds, and con-

An agreement, made at the time of a sale and conveyance of land, the seller taking the purchaser's note

for the same, that if the land, on admeasurement, should exceed a certain estimated quantity, the purchaser should pay the seller an additional sum therefore, cannot be proved by parol evidence.

taining 42 acres, 2 quarters, and 21 rods; that the parties agreed, that such being the quantity of the land, the defendant should pay to the Plaintiff a certain price therefore, which, upon the execution of said deed, he accordingly paid; that it was, at the same time, further agreed, that if said land, on admeasurement, contained more than said quantity, the defendant should pay to the Plaintiff, for such excess, a sum in the same proportion to the purchase money, as the excess to the estimated quantity, and if it contained less than said quantity, the plaintiff should refund to the defendant a like proportional sum, for such deficiency; that said land was afterwards measured, and found to contain 6 acres, 2 quarters, and 19 rods more than was contemplated; and, that the value of such excess, by the rule agreed upon, amounted to $170.

On the trial of this case to the jury, on the general issue, the plaintiff produced in evidence his deed to the defendant, which, being in the usual form, contained an acknowledgment, that the consideration, to the amount of the purchase money, had been received, to the full satisfaction of the plaintiff. He also admitted, before the Court and jury, that at the time of his executing said deed, the defendant gave his promissory note, in common form, payable at a time then future, to the amount of the consideration mentioned in the deed. The plaintiff then offered to prove the agreement, stated in the declaration, by parol testimony. This was objected to; but the objection was overruled, and the witnesses admitted. To this judgment a bill of exceptions was taken. The jury found for the plaintiff, and assessed the damages.

On this bill of exceptions the case came before this Court.

*Smith*, (of Woodbury) and *Ruggles*, for the plaintiff in error, made three points in this case:

1. This promise is within the statute of frauds and perjuries; and in support hereof *Haynes* v. *Hare*, (*a*) *Preston* v. *Merceau*, (*b*) and *Bradley* v. *Blodget*, (*c*) were read.

2. The acknowledgment in the deed, by the grantor, that he had received payment to his full satisfaction, precludes him from making the claim in the declaration.

3. The contract set up in the declaration is merged in the deed and note. Here it was urged, that if the plaintiff could recover, on the ground of there being an excess of land beyond the estimated quantity, the defendant could, on the same principle, have recovered, if there had been a deficiency, and that recovery would have operated to destroy the note, or to make a defalcation from it, which cannot be done, by parol agreement made at its creation. The case of *Atwood* v. *Carr*, decided by the Superior Court, at Litchfield, August term, 1800, was cited as in point. It was also said, that the deed and note, in the present case, should be deemed to embrace the whole agreement, made at the same time; and the principle, that no parol testimony should be introduced to curtail, vary, or enlarge a written security, should operate on this contract.

*Allen*, for the defendant in error, in answer to the first position of the plaintiff's *Counsel*, contended, that the statute of frauds and perjuries did not touch the case, this not being a contract for the sale of lands, or any interest in them.

(*a*) 1 *H. Bl.* 659.　(*b*) 2 *W. Bla.* 1249.　(*c*) *Kir.* 22.

E

1802.

NORTHROP
*v.*
SPEARY.

2. As to the acknowledgement in the deed, it was said to be mere matter of form, and did not work the effect contended for ; or, at most, it was only evidence of the plaintiff's having received a valuable consideration for the land, so as to prevent its being considered as a resulting trust.

3. The deed and note were not the evidence of the contract. The purpose of the one was to convey the title, and of the other to secure the payment of the purchase money. This contract was distinct and independent of these instruments, and might be carried into effect, without violating any principle of law. In support of these ideas, and also that the statute did not vitiate the contract, *Mott* v. *Hurd* (*d*) was cited, and relied on, and although it is difficult to see how the question could come up, in that case, or in the case of *Gillet* v. *Burr* there cited, yet it appears, that the Superior Court adopted the same principle there, as in this case.

The judgment was reversed, TREADWELL, *Lt. Gov.* WILLIAMS and NEWBERRY, *Asts.* dissenting. HILL-HOUSE and AUSTIN, *Asts.* being absent, and SMITH and ALLEN, *Asts.* having argued the case, did not act.

BY THE COURT. The contract, stated in the declaration, was but one, entire contract, made at time of the sale and conveyance of the land, the whole of which is to be considered as included in the deed and note.

If parol testimony be admissible to establish the claim of the plaintiff below, on account of an excess of land, on the same principle, it must have been admitted, had

(*d*) 1 *Root* 73.

the land fallen short of the estimate made at the time of the sale and conveyance, on a claim of reduction from the sum secured by the note. The effect of such construction and practice, would be the destruction of all written contracts.