# Hunt-Forbes Construction Co. v. City of Ashland.

(Decided June 20, 1933.)

FRANK C. MALIN and WILSON & ROBINSON for appellant.

R. CAMPBELL VANSANT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The Hunt-Forbes Construction Company was award-
ed a contract for original construction of Thirteenth
street in the city of Ashland, which improvement, as
provided by ordinance, was to be made at the exclusive
cost of the owners of the property abutting and front-
ing thereon. No question is made as to the legality of
the necessary ordinance or steps preliminary to the let-
ting of the contract. After the work was completed,
the city engineer prepared and filed his final estimate
of the cost thereof, which was duly accepted and ap-
proved by the general council of the city as a final esti-
mate of the cost of the work and of the completion of
the contract upon the part of the construction company;
and the cost of the improvement and the benefits accru-
ing therefrom were apportioned to respective parcels
of real estate liable to assessment therefor as provided
by statute. Within 30 days after such apportionment
had been made, some of the owners of the property
liable to assessment entered into an agreement with the
city to accept the 10-year payment plan, but a number
of the owners refused to accept that plan, and failed
and refused to pay the assessment against their lots.

Suits have been instituted against a number of de-
linquent owners by the city, and in these suits the con-
struction company has intervened. After these actions
were instituted, the city instituted this action against
the construction company, seeking a declaration of
rights as between the parties on questions set forth in
the petition concerning which it is alleged a real con-
troversy exists. The construction company being dis-
satisfied with the lower court's judgment declaring the
rights of the parties, is appealing.

Nine questions are presented, and some of them are
subdivided into two or more questions. They call for
a declaration of rights as between the city and the con-
tractor with respect to practically every question that
might arise in the matter of making and enforcing as-
sessments for such improvements. Many of these ques-

tions involve rules of procedure or substantive rights involved in the suits pending to enforce the liens against the property owners. Other questions present propositions purely speculative, in that they anticipate and call for a declaration upon matters which may or may not arise.

In the case of Jefferson County v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601, 603, the court, after setting out the true purpose of the Declaratory Judgment Act (section 639a-1 et seq., Civil Code of Practice), said:

"But the act was not designed, and is not suitable, for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. Such decisions and declarations must be made in the first instance by the court whose power is invoked and which is competent to decide them.

"Every question submitted to the court can be decided by the trial court, in the original action, with a right of review in this court after final judgment in the trial tribunal."

In the later case of Oldham County v. Arvin, 244 Ky. 551, 51 S. W. (2d) 657, 658, the court, in approving and quoting at length from the opinion in the Chilton Case, summed up the two most pertinent conclusions reached in it in the following language:

"(a) That courts will not take jurisdiction in actions brought under the statute, unless the alleged controverted questions are justiciable ones, and which does not include abstract legal questions designed merely to furnish information to the inquirer and which, if jurisdiction was taken, would convert courts into a sort of law school for the instruction of the inquisitive mind (see Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28); and (b) that in no event will procedural questions be determined when they relate to and are designed to operate upon litigation or an action, or proceedings already pending in a court having jurisdiction, since such court possesses both jurisdiction and authority to determine such questions during the progress of the investigation."

In the case of Shearer v. Backer, 207 Ky. 355, 269 S. W. 543, it was pointed out that it was not the inten-

tion or purpose of the Declaratory Judgment Act to bring upon courts the burden of answering anticipated or speculative propositions of law merely to satisfy the curiosity or the fears of parties concerning possible controversies that may or may not arise out of their executed contract.

The rule announced in these cases forbids that we should answer or determine these questions until they are properly presented as therein indicated. Wherefore the judgment of the lower court is reversed, with directions to dismiss the petition.