## McGinnis et al. v. Moore et al.

May 23, 1939.

588

VICTOR L. KELLEY for appellants.

ERNEST N. FULTON for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit involves the construction of the will of Thomas S. Moore, deceased, the pertinent provisions of which are (Item 3 included for clarification of residuum of estate dealt with in Item 4):

"Item 2. I give and bequeath to my daughter, Alice Moore McGinnis, Five Thousand ($5,000.00) dollars.

"To my daughter, Marguerite Moore Baldwin, Five Thousand ($5,000.00) dollars.

"To my son, C. P. Moore, Five Thousand ($5,000.00) dollars.

"To the children of my daughter, Mary C. Moore Cotton, Ridgley, Louise and Mildred, Seventeen Hundred ($1700.00) dollars, each, a total for the three of Five Thousand and One Hundred ($5100.00) dollars.

"To the children of my son, Tom Moore, Jr., by Lucile Newman Moore, the sum of Five Thousand ($5,000.00) dollars, said sum to be equally divided among them.

"Item 3. After the payment of bequests named in Item 1 and 2, I will and bequeath to the pastor of St. Joseph's Church, Bardstown, Kentucky, one-tenth (1/10) of my remaining estate, to be used and applied by him to charitable use in St. Joseph Parish, in Nelson County, Kentucky.

"Item 4. The remaining nine-tenths (9/10) of my estate, I will and bequeath as follows:

"One-fourth (¼) to Alice Moore McGinnis.

"One-fourth (¼) to Marguerite Moore Baldwin.

"One-fourth (¼) to the children of Mary C. Moore Cotton.

"One-fourth to the children of Tom Moore, Jr., by Lucile Newman Moore, to be held in trust for them, by the Farmers Bank and Trust Company, under bond, until each reaches the age of twenty-five (25) years. However, I direct that each receive their share of the income to be paid quarterly.

"Item 6. At this writing I have advanced to Tom Moore, Jr., directly and through his wife, all of which is charged to him, quite a sum of money, and direct that it be considered as part of the share of his children, by Lucile Newman Moore, as provided in Item 4. * * *"

Codicil added November 13, 1929:

"I hereby change section 4 of my will and give to my children and grandchildren the following:

"To C. P. Moore, One-fifth.

"To Alice Moore McGinnis, One-fifth.

"To Marguerite Moore Baldwin, One-fifth.

"To Mildred Cotton Lobley, Louise Cotton Jones and Ridgley Cotton, jointly, One-fifth.

"To the children of Tom Moore, Jr., by Lucile Newman Moore, jointly, one-fifth, the shares of Tom Moore, Jr., children to be held in trust by the Farmers Bank & Trust Co., Bardstown, Kentucky, and delivered to each of them as they arrive at the age of twenty-five (25) years, and the income to be paid them until they reach that age."

This suit was instituted by Alice Moore McGinnis and Marguerite Moore Baldwin with the primary view of seeking the court's ruling on the question as to whether or not the shares of the appellees herein (Lucile Newman Moore, Aline Newman Spalding and Mary Cameron Moore), the children of Thomas S. Moore, Jr., and Lucile Newman Moore, including the $5,000 left to

them under Item 2 of the will, should be charged with the advancements of $17,776.87 to their father under the provisions of Item 6. A ruling was sought also as to whether or not interest should be charged on the advancements. It developed that the estate of the testator was some $75,000 smaller at the time of his death than it was at the time he made his will, and that the shares of the appellees as changed by the codicil added in 1929 were less than the amount of the advancements made to their father.

On submission of the case the trial judge ruled that the shares of the appellees in only the residuum of the estate of the testator which was devised to them under the codicil dated November 13, 1929, could be applied by the executrices to the payment and satisfaction of the advances to Thomas S. Moore, Jr., referred to in Item 6 of the will; that no part of the $5,000 devised to these three heirs under Item 2 could be applied to the satisfaction of the advancements referred to in Item 6; and that interest is not chargeable against these three heirs on the advancements referred to by the testator in Item 6.

The appellants, Alice Moore McGinnis and Marguerite Moore Baldwin, individually, and as executrices of the estate of Thomas S. Moore, and the other beneficiaries, aside from the appellees, prayed an appeal from the judgment of the trial court to this Court, which was granted. The appellees excepted to so much of the judgment as charged them with any advancements to their father, and prayed an appeal to this Court from that part of the judgment, which appeal was granted. The appellants are prosecuting their appeal, and the appellees are prosecuting a cross appeal.

In urging reversal the appellants insist that (1) in construing a will, the fact that it was written by the testator, he not being a professional man, is to be considered; (2) in its construction a will must be viewed from its four corners for the purpose of ascertaining the intent of the testator, since the intent of the testator can only be obtained from the whole will and not from any part or parts of it; (3) the cardinal rule in the interpretation of the will is to discover the intent of the testator, as expressed in the will; (4) the intent of the testator must be given effect, unless the intent is contrary to law or public policy; (5) a will is to be read according to its own terms and in the light of the circumstances and con-

ditions surrounding the testator at the time of its execution; (6) where an intent to make an equal division of an estate is shown, a particular part of a will which is consistent with and not repugnant to the furtherance of that equality is to be construed as confirming the equal division; and (7) where it is provided that advancements made to the parents of certain beneficiaries are to be considered as a part of the shares of said beneficiaries, the advancements may be charged against any part of the estate devised to them, and are not to be limited to a particular devise, unless such an intent is clearly stated.

The appellees are contending that the codicil added in 1929, in which C. P. Moore was included as one of the residuary devisees, changed Item 4 by dividing the residuum of the estate into five rather than into four parts, and constituted an abandonment of the intent in Item 6 to charge their shares of the residuum of the estate with the advancements made to their father.

Counsel for the appellants has cited numerous cases in support of his first five contentions. In general terms these five contentions and the authorities cited in support of them relate to the attitude which courts have adopted in attempting to ascertain the intent of the maker of a will when construing it. In seeking such intent the will and its codicils are to be considered as a whole in the light of the circumstances and conditions existing at the time the will was made. We think that, when these general rules are applied to the provisions of the will in question, it can be seen clearly that the trial judge correctly interpreted the intent of the testator. It is clear that under Item 2 of the will the testator intended that his son, C. P. Moore, and his daughters, Alice Moore McGinnis and Marguerite Moore Baldwin, were to be given $5,000 each, and that the children of Mary C. Moore Cotton were to be given $1,700 each, or a total of $5,100, and that the children of Thomas S. Moore, Jr., by Lucile Newman Moore were to be given $5,000 to be divided equally among them, without regard to the division of the remainder of the estate. The trial judge so held. The only change that the 1929 codicil made in the will was to include C. P. Moore as one of the residuary devisees, which had the effect of dividing the residuum of the estate into five rather than into four parts.

Item 6 shows clearly that the testator intended that

the funds advanced to his son, Thomas S. Moore, Jr., directly, and through his wife, Lucile Newman Moore, be considered as a part of the shares of their three children under Item 4. Indeed, Item 6 makes specific reference to Item 4. There would be some basis for the appellants' chief contention had no reference been made to Item 4 in Item 6 of the will. The codicil which was added to the will on November 13, 1929, showed on its face that the testator meant to change Item 4. This codicil, therefore, merely took the place of Item 4, and the provisions of Item 6 would apply to the codicil, which was merely a change of Item 4, just as it would have applied to Item 4 if it had not been changed. It can be seen, therefore, that there is no basis for the contention of the appellees to the effect that the 1929 codicil did away with the provisions of Item 6 of the will.

Both the appellants and the appellees have cited the recent case of Breckinridge v. Breckinridge's Ex'rs, 264 Ky. 82, 94 S. W. (2d) 283. Our conclusion that the judgment of the trial court should be affirmed on both the appeal and the cross-appeal is consistent and in accord with the general principles as to the interpretation of wills which are discussed in the Breckinridge case.

Judgment affirmed on both the appeal and the cross-appeal.