## City of Louisville v. Louisville Asphalt Co.

June 20, 1939.

Thomas A. Ballantine, Special Judge.

Hal O. Williams, R. Boyd Robertson and Lawrence S. Poston for appellant.

William F. Clarke, Jr., for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, City of Louisville, instituted this suit against the appellee, Louisville Asphalt Company, for the possession of a certain piece of property in Louisville. The City alleged that the property, which was owned by and in the possession of Lizzie E. Jaggers on September 1, 1929, was duly assessed for city taxes; that the necessary steps for the collection of the 1930 taxes were taken; that they were not paid by May 1, 1930, and thereby became delinquent; that on November 4, 1930, the property was offered for sale for taxes and the City purchased it; that the property was not redeemed within the two year redemption period; that on November 7, 1932, and after the expiration of the redemption period, the Tax Receiver executed and delivered to the City a deed conveying the property to it, which deed was duly recorded; that the taxes for the fiscal years beginning September 1930, 1931 and 1932 were duly assessed but not paid; that none of the tax bills have been paid; that its lien for the taxes is superior to any and all other liens; that on February 15, 1939, Lizzie E. Jaggers attempted to convey the property in question to the Louisville Asphalt Company; that by virtue of its deed dated November 7, 1932, the City became the owner in fee of the property and thereby entitled to the immediate possession thereof; and that the Asphalt Company was in the possession of the property and was holding it without right. The City prayed for possession of the property and the sum of $500 for the withholding of possession by the Asphalt Company; that, in the event possession was not given it, it be adjudged a lien against the property for the taxes, interest and penalties due for the years beginning September 1, 1929, 1930 and 1932; and that its lien be adjudged prior and superior to all other claims.

The appellee filed an answer and a "cross petition for a binding declaration of rights" against the City, John R. Lindsay, Director of Finance, and Frazer Dunlap, Tax Receiver. The first paragraph of the answer traversed certain allegations of the petition. The second paragraph set up the claim of the Asphalt Company to

the property under its deed of February 15, 1939, from Lizzie E. Jaggers, and alleged that the taxes claimed by the City were barred by limitations, Section 4021a-1, Kentucky Statutes. In the third paragraph, and as a cross petition against the city, the Director of Finance and the Tax Receiver, it was alleged that an actual controversy existed between the Asphalt Company and the City with respect to unpaid taxes being claimed and asserted by the City against not only the property described in the petition, but also with respect to other properties owned by the Company and located in Louisville. The Company then set forth how it had acquired properties through the enforcement of street improvement liens; that it was desirous of paying all taxes in arrears on the property owned by it which were not barred by limitations; and that a controversy had arisen between it and the City as to the charter provisions and the statutory provisions relating to the taxes in arrears. Nine questions were set forth upon which the court was asked to declare the law and the rights of these parties thereunder.

In its reply the City denied the affirmative matter in the answer. The City joined in the prayer of the Asphalt Company as to a declaration of rights on the nine questions submitted, and set forth that the determination of the rights of the parties on these points was essential for the settlement of the controversy existing between the City and the Company as to certain taxes in arrears. In an amended answer the Asphalt Company alleged that the taxes claimed by the City for 1933 and all prior years were barred by the express provisions of Section 4021a-1 of the Statutes as enacted in 1912, and also under that section as it was amended in 1938, Acts 1938, 1st Ex. Sess. c. 21, Section 16. In an amended reply the City denied the affirmative matter in the amended answer.

The cause was submitted to the trial judge and he prepared an opinion in which he held that the taxes became in arrears May 2nd of each year; that the limitation period provided in Section 4021a-1 of the Statutes began to run on that date; and that the action brought by the City for the possession of the property was barred by limitation. He also discussed and passed upon the nine questions upon which the parties asked for a declaration of rights.

At the outset, we have reached the conclusion that it is not necessary in deciding the issue in this case to pass upon the questions upon which the parties have asked for a declaration of rights. Furthermore, it is doubtful whether all of the proper parties have been brought into this suit, in view of the provisions of Section 3004 of the Statutes. But, be that as it may, we think the case of Hunt-Forbes Construction Co. v. City of Ashland, 250 Ky. 41, 61 S. W. (2d) 873, and the cases cited therein furnish adequate reasons for our refusal to attempt to discuss and pass upon the questions upon which the parties are seeking a declaration of rights.

We have reached the conclusion that the trial judge correctly held that the suit of the City to recover possession of the property was barred by limitation. This does not mean, however, that we conclude that the trial judge correctly interpreted the applicable sections of the Statutes as to when the taxes became delinquent and when the limitation period began to run. Nor are we passing upon any question raised in this case, except that the right of the city in this case to recover possession of the property is barred by limitation.

Whether the taxes become delinquent and their collection subject to coercion in a city of the first class on May 2nd under Sections 2998 and 3005 of the Statutes, or after the first of July under Sections 3000 and 3001 of the Statutes, need not be determined in this suit. Nor does it make any difference whether the limitation period as provided in Section 4021a-1, prior to the amendment of that section in 1938, began to run from the date the taxes first became delinquent in 1930, or whether it began to run at the expiration of the two year redemption period allowed the property owner in Section 3002 of the Statutes, because the suit to recover possession of the property was not filed by the City until February, 1939. This was more than six years after the City was given a deed to the property by the Tax Receiver in November, 1932.

No such condition is presented herein as we had before us in the case of Commonwealth v. Randolph, 277 Ky. 724, 127 S. W. (2d) 398. In that case we were confronted with an amendment to Section 4151-2 of the Statutes adopted in 1932, which extended the redemption period from two to five years. We held that the redemption period and the limitation period provided in

Section 4021a-1, in so far as the recovery of the possession of the property was concerned, did not run concurrently, and that a suit to recover possession of property in such cases could be brought at any time within five years after the end of the redemption period.

The City contends that it had 15 years under Section 2505 of the Statutes within which to bring this suit to recover the possession of the property. From what we have said heretofore it is obvious that we do not subscribe to this view. Nor could Section 4021a-1, as amended in 1938, affect the case before us, because, as we have said, the limitation period provided in that section before it was amended had already expired prior to the time the City filed its suit in February, 1939, regardless of whether the period was counted from the time when the taxes became delinquent in 1930, or after the expiration of the two year redemption period which ended in 1932.

> Prior to its amendment in 1938, that section read: "*Lien; limitation.*—No action or other proceeding for the enforcement of any lien for taxes or for recovery of possession of any property which has been sold for taxes shall be maintained unless such action or proceeding is commenced within five years from the date on which said taxes became in arrears. (1912 c. 48, p. 194, Section 1.)"
> It now reads:
>
> "*Lien; limitation.*—No action or other proceeding for the enforcement of the lien provided for in Section 4021, Carroll's Kentucky Statutes, 1936 Edition, shall be maintained unless such action or proceeding is commenced within five years from the date on which said taxes became delinquent. (1938 1st ex. s. c. 21, Sections 1, 16, 1912 c. 48 p. 194, Section 1.)"

It has been frequently held that the legislature can not by statute remove a bar of limitation which has already become complete. Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S. W. (2d) 1063; Heath v. Hazelip, 159 Ky. 555, 167 S. W. 905; Fish v. Genett, 56 S. W. 813, 22 Ky. Law Rep. 177; Lawrence v. City of Louisville, 96 Ky. 595, 29 S. W. 450, 16 Ky. Law Rep. 672, 27 L. R. A. 560, 49 Am. St. Rep. 309.

As indicated heretofore, this opinion is limited to

passing upon the City's right to recover the possession of the property in question under its suit filed in February, 1939, and the opinion does not affect any right of the Commonwealth, if any right it has, under Section 3004 of the Statutes.

Judgment affirmed.