# Pfeiffer v. Gates et al.

Jan. 23, 1940.

B. L. Shamburger for appellant.

A. J. Carroll, H. E. McElwain, Jr., and Thomas A. Ballantine for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was brought under the Declaratory Judgment Act, Sections 639a—1 to 639a—12 inclusive, of the Civil Code of Practice, seeking the construction of a clause of the will of Cornelius John Leo Pfeiffer, deceased. The clause in question is as follows:

"Seventh. All the rest and residue of my estate, real, personal, and mixed, of which I die possessed, I give, devise and bequeath to my beloved wife, Catherine Pfeiffer, during her life, upon the following conditions namely:

"In the event of her death all said residuary estate, real, personal and mixed, shall be equally divided among our children, and should any of our children die leaving issue, I direct that the children of such deceased child shall take per stirpes. In the event, however, that my said wife should marry again, I direct that she then be entitled to one-half ($\frac{1}{2}$) of the said residuary estate during her life, the other one-half ($\frac{1}{2}$) to thereupon be divided equally among our said children upon the terms herein prescribed in case of her death while my widow, and the said one-half ($\frac{1}{2}$) of said residuary estate shall become the property of my children upon the death of my said wife, Catherine Pfeiffer.

"Nothing herein shall be so construed as to prevent my wife from giving to any of our children such sums of money as she, in her judgment, may think it proper to give them."

Mrs. Pfeiffer insists that the last paragraph of Clause 7 gives her the right to dispose of all or any portion of the corpus of the estate during her lifetime, and to give more than one-third thereof to any of her children whom she desires to favor. The children contend that she has merely a life interest in the part of the estate covered by Clause 7. They contend further that the paragraph over which the controversy has arisen should not be interpreted as giving their mother the right to advance to any child more than one-third of the estate and that such advancement should be charged against the child receiving the same in the ultimate distribution of the estate so that each of them will share equally in the end. From a judgment upholding the contentions of the children, the appellees herein, Mrs. Pfeiffer is appealing.

An examination of the first two paragraphs of Clause 7 demonstrates clearly that the testator meant to devise to his wife only a life interest in the residue of his estate, and further that he intended that his children should share equally in this portion of his estate. The question is, Should the power given the wife negatively in the third paragraph of Clause 7 to give money to any of the children be construed as vesting her with more than a life interest? We think that the chancellor ruled correctly that it did not.

We have frequently pointed out that, when construing wills, the intent of the testator is of prime importance, and such intent will, if possible, be determined from the instrument as a whole rather than from any isolated section or part thereof. Breckinridge v. Breckinridge's Ex'rs, 264 Ky. 82, 94 S. W. (2d) 283; McGinnis v. Moore, 278 Ky. 587, 129 S. W. (2d) 141.

An examination of the will as a whole gives support to our conclusion. In Clause 5 the testator provided that his trustees should hold $10,000 for each child until he or she reached the age of 25 years, but the trustees were vested with the power to give to any child his portion before reaching that age. That clause provided also that, in the event any child died without leaving issue, the interest of the one so dying should go in equal por-

tions to the other children. In Clause 6 the testator willed and bequeathed to his wife, ''all of my household goods, consisting of furniture, pictures, personal effects, and every thing in my home and garage.'' It is clear from Clause 5, as well as Clause 7, that the testator meant that the children should share equally in the distribution of his estate. This intention would be violated if the wife's contentions should be upheld. Clauses 6 and 7 show that the testator recognized the difference between an absolute estate granted the wife in certain property under Clause 6 and an estate for life with remainder over as provided in Clause 7.

It follows, therefore, that the judgment should be and it is affirmed.