### Fidelity & Columbia Trust Co. et al. v. Grabfelder et al.

April 30, 1940.

Churchill Humphrey, Judge.

Davis W. Edwards for appellants.

Grover G. Sales for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was filed under the Declaratory Judgment Act, Sections 639a—1 to 639a—12, inclusive, of the Civil Code of Practice. The appellant, Fidelity & Columbia Trust Company, in its own right, and as executor of the will of Annie B. Grabfelder, deceased, and also as trustee under said will, brought the action against the appellees, defendants below, the only persons having any residuary interest in the estate of Annie Grabfelder. The Trust Company holds a mortgage on a piece of property involved in the estate of the deceased. This mortgage was executed by Abe Grabfelder, the husband of Annie, and there is now a balance of some $20,000 and interest due on it. Abe Grabfelder died in 1929. His wife completed the administration of his estate in 1935. She died the latter part of that year. The Trust Company filed no claim against Abe Grabfelder's estate. It is alleged that Mrs. Grabfelder received property from the estate of her husband in excess of the amount of the balance due on the mortgage in 1929. The Trust Company prayed judgment declaring the rights of the parties with respect to the liability of the estate of Annie Grabfelder for the balance due on the mortgage, that it be adjudged a lien on the property, and also "that at the proper time said lien be enforced and said real estate be sold under order of this court and the proceeds be applied to the payment of said debt, interest and the costs of this action in so far as it may be necessary, * * *." Among other things the petition sets forth that "if the said real estate is sold under order of this court at this time, it is not believed it will bring enough to pay the said indebtedness and interest now due to the plaintiff, Fidelity & Columbia Trust Company, in its own right and the defendants, owners of the fee in said property, now desire that it shall not be sold at this time."

This appeal is being prosecuted from a judgment in which it was held that the Trust Company was entitled to no relief from the estate of Annie Grabfelder, that it has a prior lien against the property to secure the payment of the $20,000 and interest, and that the property be sold to satisfy the lien, but not until the further order of the court.

It is apparent from what has been said that we are being asked to declare the rights of the parties which

are dependent upon whether the property brings an amount sufficient to satisfy the Trust Company's lien. If it sells for enough to pay the $20,000 and interest, then the question as to the liability of the estate of Annie Grabfelder will be moot. It is not our view that such questions were ever intended to come within the scope of the Declaratory Judgment Act. If, when sold, the property does not bring an amount sufficient to satisfy the Trust Company's debt and interest, then there may be a bona fide controversy between it and those who will benefit from the estate of Annie Grabfelder as to the estate's liability for the deficiency. We are not disposed to attempt to answer that question now. The cases of City of Louisville v. Louisville Asphalt Company, 279 Ky. 318, 130 S. W. (2d) 739; Hunt-Forbes Construction Co. v. City of Ashland, 250 Ky. 41, 61 S. W. (2d) 873; Jefferson County v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601; and cases cited in the two latter cases support the conclusion reached herein.

Wherefore, the judgment is reversed, with directions to set it aside and to enter a judgment giving the Trust Company a lien on the property and directing that it be sold and the proceeds of the sale applied on the lien.