## George et al. v. George.

June 4, 1940.

Charles H. Wilson, Judge.

382

J. Gordon Lisanby and R. W. Lisanby for appellants.

Frederick Olszewski for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was brought by the appellee, Burley Y. George, under the Declaratory Judgment Act, Sections 639a-1 to 639a-12 inclusive, of the Civil Code of Practice, for the purpose of having determined his interest in a tract of land left him under the will of his father, J. P. George, deceased. J. P. George died in 1924, leaving all of his real estate to his wife during her life or widowhood. Mrs. George died in 1930. Clauses 9, 11 and 12 of the will are involved in this litigation. They are as follows:

"(9) I give and devise to my son Burley Y. George, subject to the provisions hereinafter set out, all the land and improvements lying North West of a straight line beginning at the Hays place (my corner) running thence in a North East direction across my farm to the Pettit farm and striking same about eight feet from the north west end of a hedge fence, to be his and his children forever, but in the event he should never have any children of his own and should die then in that event the land herein devised shall revert to and become a part of my residuary estate and go to my other children, per stirpes, or the heirs of their body, and the said Burley Y. George is expressly forbidden to sell, mortgage or convey said land to his brothers or sisters or any one else, nor is he permitted to will same to any one, but in the event he should marry and have children of his own, such children are to heir said land as same as my other grand children. I place a value of four thousand five hundred dollars ($4500.00) on said land and it shall be so considered in the final distribution of my estate, after which he is to share equally with my other children in the residue of my estate, if that much for each, otherwise to be his with the above restrictions."

"(11) I have six children, two by my first wife and four by my present wife, it is my will and I desire, subject to the provisions made herein for my present wife and to the provisions made herein in clause six and nine, as to Mrs. Willie Kirk and Brrley Y. George, my entire estate, real personal and mixed, be divided into six equal parts, as near as practical, and each of my said children, per stirpes, have one of those parts. I desire Mrs. Willie Kirk and Burley Y. George, to have as much of my estate as the others only restricted for their own good—as set out in clause six and nine.

"(12) In the event any of my children, directly or indirectly, should not be satisfied with the provisions made for them in this will and should directly or indirectly contest or attempt to contest this will, then such one or ones so contesting as aforesaid, shall be deprived of the provisions made for them or either of them herein and such part of the one or ones so contesting shall revert to and become a part

of the residue of my estate to be distributed among my children, per stirpes, not contesting, each to have share and share alike of the one or ones contesting."

Suffice it to say as to the remainder of the will that it is clear that it was the intent of the testator, as indicated in Clause 11 above, that he meant for his six children to share equally in his estate, but it is also true that, in so far as the appellee and one other child were concerned, he meant to and did specifically provide certain restrictions as to their shares "for their own good."

The appellee made his brothers and sisters parties defendant, and also two persons who held mortgages executed by him on the tract of land in question. The appellee had been married and divorced. He did not make a party defendant a child born during the time of his marriage. When the divorce was granted his wife, the appellee was required to provide for the child, but, subsequently, that decree in the Lyon circuit court was modified to the extent that the child was not his, and he was not required to provide for it further. The appellants insisted below and still insist that the judgment from which this appeal is being prosecuted is void, because that child was not made a party defendant in this proceeding. But the question as to the child's rights and its legitimacy may be determined subsequently in appropriate proceedings.

The issues were joined as to the appellee's interest in the land, as to whether he had forfeited his interest under Clause 12, and also as to the question of waste raised by the appellants. Considerable proof was taken, much of which appears to us to be irrelevant to the issues at hand, and judgment was entered in which it was decreed that the appellee had a fee simple title to the land. His title was quieted as to the claims of the appellants, and it was adjudged further that he had not contested the will and had committed no waste in violation of the rights of the appellants.

The judgment was prepared and entered upon the clerk's vacation Order Book in September, 1939. The appellants' motion to set aside the judgment was filed December 13, 1939, and after the expiration of the October term of the Caldwell circuit court. The appellee in-

sists that the appeal should be dismissed, because it was not prosecuted within the time provided under Section 639a-5 of the Civil Code of Practice. Clark County National Bank v. Rowan County Board of Education, 262 Ky. 153, 89 S. W. (2d) 638. It is his contention that the judgment was entered upon the vacation Order Book and signed as of September 12, 1939. The appellants contend that the judgment was not signed until the first day of the October term of court (October 23), and therefore the motion to set it aside was made in due time. The records of the Caldwell circuit court include this order:

"Caldwell Circuit Court

"October Term, 1 Day, 23 Day of October, 1939.

"Monday, October 23, 1939.

"Court met pursuant to adjournment.

"The orders and proceedings of the last day of the last term of this Court and the intervening orders were read in open Court approved and signed by the Hon. C. H. Wilson, Judge."

While there are affidavits and counteraffidavits as to when the judgment was signed, and as to whether the appellants had notice that the judgment was to be rendered in September (during vacation), we are disposed to and do overrule the motion to dismiss the appeal, in view of the order just quoted.

As to the question of whether the appellee has forfeited his interest in the estate of his father by virtue of the institution of this proceeding, it is our view that such is not the case. The will was probated in 1924 and such interest as the appellee had vested upon the death of his mother in 1930. This proceeding was instituted in 1938. We do not construe this proceeding as an attempt to "directly or indirectly contest or attempt to contest this will."

Both parties cite numerous cases concerning the construction of wills. We have frequently pointed out that the will as a whole must be viewed for the purpose of ascertaining the intent of the testator. McGinnis et al. v. Moore et al., 278 Ky. 587, 129 S. W. (2d) 141; Pfeiffer v. Gates, 281 Ky. 445, 136 S. W. (2d) 542. When this is done, there is no escape from the conclusion that the trial judge erred in holding that the appel-

lee had a fee simple title to the property. In this connection the trial judge found that the appellee has no children. As indicated above, that question may be determined in an appropriate proceeding. The child was not a party to the aforementioned proceeding in the Lyon circuit court.

Clause 9 of the will gives appellee a life estate in the property. In the event he dies with children of his own, the property is to go to them, and in the event he dies without children it is to revert to the other children of the testator, or to the heirs of their bodies.

Several cases, including the cases of Wilson v. Morrill, 205 Ky. 257, 265 S. W. 774; Eakins v. Eakins, 191 Ky. 61, 229 S. W. 130; Naville v. American Machinery Company, 145 Ky. 344, 140 S. W. 559, 37 L. R. A., N. S., 153, have been cited by the appellee in which wording in wills similar to that in the first part of Clause 9 was used. In those cases gifts to one for life with remainder to another and his heirs forever with the further provision that, in the event the remainderman should die without issue, then to revert to the heirs of the testator or go over to another, have been held to be absolute estates where the remainderman survived the life tenant. But in the case before us Clause 9 continues with the wording, "but in the event he should marry and have children of his own, such children are to heir said land the same as my other grandchildren." This wording distinguishes this case from those relied upon by the appellee, since there is a direct gift to his children in the event he dies leaving children of his own.

Clause 9 further provides that the appellee is expressly forbidden to sell, mortgage or convey the land to his brothers, sisters or anyone else. He has executed two mortgages on the property. The validity of these mortgages affects the rights of the appellants. Obviously, the appellee had the right to sell or encumber his interest in the property, namely, a life interest. The mortgages, therefore, are valid as against the appellee's life interest.

The appellants in their amended answer and cross-petition prayed that, in the event the appellee (plaintiff below) be adjudged a life estate in the property, their title as remaindermen be quieted and that the life tenant be permanently enjoined from committing waste on the

premises. From our examination of the record the appellants are entitled to and should be granted this relief.

Wherefore, the judgment is reversed with directions to set it aside and to enter a judgment in conformity with this opinion.