## Moore v. Moore.

Dec. 3, 1940.

Flem D. Sampson, Judge.

Appellant filed no brief.

M. A. Gray for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, W. L. Moore, guardian for Betty Jane, Richard Roe and Marthena Joan Moore, was the defendant below. While he is prosecuting this appeal, he has filed no brief. Counsel for the appellee has advised the clerk of this Court that W. L. Moore has told him that he does not desire to file brief or go to the expense of hiring an attorney, and that he simply wants this Court to pass upon the record. We accept this invitation solely because the rights of infants are involved.

The will of Mrs. Minnie Katherine Helton, the

mother of the appellee, and the grandmother of the three infants for whom W. L. Moore is guardian, reads in part as follows:

"Item 1. I give and bequeath to my son, Rae Trammell Moore, for and during the term of his natural life, unless the estate so given is terminated sooner under the provisions of this will, and at his death or the sooner termination of this estate as herein provided, then to his children, viz.:

"Bettie Jane Moore, now about seven years of age;

"Richard Roe Moore, now about four years of age; and

"Marthena Joan, now about fourteen months old, my undivided one-half interest in that certain parcel of real estate in Harlan, Kentucky, known as the Moore Apartments, which is jointly owned by me and my daughter, Cecile Beatrice Moore McCarthy. It is my purpose to give to my said son, Rae Trammell Moore, for life for the support of himself and his said three infant children my one-half interest in said real estate and the other property hereinafter mentioned, with the provisions however that in the event of his attempting to mortgage or otherwise encumber said property or its income for a period of more than the current year, or in the event of his bankruptcy or any attempt of his creditors present or future to subject his interest in said property to any of his debts, then any and all interest which he is hereby given in said property shall immediately cease and his entire interest therein shall pass to and be the property of his said three children, free from any claim of his or his creditors in said property or its income of proceeds. * * *

"All of the foregoing property is given to my said son, Rae Trammell Moore, for life with remainder to his said three children on the conditions above stated and to be free from any claim which his present or future wife which he might have might otherwise claim or be entitled to and in the event of any claim of such present or future wife to any interest in any of said property or its income

or proceeds, it shall immediately pass to his said children, to be and remain their absolute property.''

After the will was probated, a suit was brought in the Harlan circuit court to settle Mrs. Helton's estate. The daughter intervened, and asked that the apartment building be sold as a whole and the proceeds of the sale be divided between her and the devisees of her mother. The property was sold and the net proceeds of the share of Mrs. Helton's devisees, amounting to $5,541, was turned over to W. L. Moore, with the understanding that an appropriate action would be brought in the Whitley circuit court to determine Rae Trammel Moore's interest in this sum.

The action before us was instituted by Rae Trammel Moore in due course. He claimed the sum of $1,676.15, or 30.25 per cent of the total sum, the value of his claimed life interest, according to Wigglesworth's Table of Mortality. W. L. Moore, as guardian, answered, saying that he was unable to make any defense for the infant children against the claim of their father. Judgment was entered in accordance with the prayer of the petition. Was this ruling correct? We think not, for the reasons hereinafter set forth.

An examination of the foregoing quotation from Mrs. Helton's will shows that the appellee was given a life estate subject to termination upon certain specified conditions. The remainder was given to the appellee's infant children, with the further provision that, in the event of termination of their father's life estate, the property vest in them immediately. Then there is this further provision:

"It is my purpose to give to my said son, Rae Trammell Moore, for life for the support of himself and his said three infant children my one-half interest in said real estate and the other property hereinafter mentioned, * * *."

The other property referred to was personalty, consisting mainly of household goods. The conditional provisions were made to apply also to the personal property. It is obvious, therefore, that Mrs. Helton gave to her son a life interest in certain property, subject to termination upon certain specified conditions, with the further provision that the bequests were for the support of the son and his three infant children.

When called upon to interpret a will, we look at it as a whole to determine the intent of the maker. McGinnis v. Moore, 278 Ky. 587, 129 S. W. (2d) 141; George v. George, 283 Ky. 381, 141 S. W. (2d) 558. Our examination of Mrs. Helton's will as a whole strengthens our views heretofore set forth. It follows, therefore, that the chancellor erred in adjudging that the appellee was entitled to receive $1,676.15, the present value of his claimed life interest in the sum of $5,541. The latter sum should be placed in trust for the benefit of the appellee and his three infant children. The appellee, subject to the conditions of his mother's will, is entitled to receive for life the income from this trust fund for the support of himself and his three children.

Wherefore, the judgment is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.