## Sullenger's Adm'r et al. v. Sullenger's Adm'x et al.

June 13, 1941.

C. H. Wilson and C. C. Grassham for appellants.
Charles Ferguson for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

This appeal may be referred to as a companion of, or closely related to, the appeal in Jim Sullenger et al. v. Sullenger's Adm'x, 287 Ky. 232, ... S. W. (2d) ..., though they were not consolidated below, or here ordered heard together.

The pleading sought a declaration of rights of parties (Civil Code of Practice, Section 639a—1 et seq.), and was filed by Coy Sullenger, styling himself as administrator de bonis non of the estate of Lillie M. Sullenger, deceased, a sister of B. L. Sullenger, whose estate was sought to be involved in the Jim Sullenger proceeding, supra, though the personal representative fails to show his qualification as personal representative. This failure is immaterial.

It will be noted in the case mentioned, supra, that it was said that there was commingled with the estate left by decedent B. L. Sullenger certain personal property which he had in his hands at the time of his death, and as administrator certain properties belonging to the estate of Lillie Sullenger, deceased. The pleading in the instant case involves that property.

Joining the administrator de bonis non were the brother of deceased and a nephew, the administrator later making himself individually defendant, along with Mrs. Durham, as administratrix of the B. L. Sullenger estate, and her fiducial surety, and the living brother Albert. Coy Sullenger is not named as appellee in the statement of appeal.

It is manifested in the petition that Lillie Mae Sullenger, sister of B. L. Sullenger, died in July of 1937; that prior to her death B. L. Sullenger had induced her to sell a tract of land which she owned, for the sum of $2,500, part cash, and the remainder to be evidenced by notes due at various dates, from date of purchase until 1920. At some undisclosed date the sister was adjudged mentally unsound and confined in a state hospital. It is not shown that any committee was appointed. B. L. Sullenger qualified as administrator of her estate on July 23, 1940, on which date the purchaser of the land paid the balance of $310, on the last note.

It is then stated that there exists a real controversy between plaintiffs and defendants as to the liabilities of

the estate of B. L. Sullenger for the $2,500, and interest thereon, which was collected by B. L. Sullenger from the purchaser of the tract of land, "which the said B. L. Sullenger held in trust for the deceased during her life time, and for her heirs after her death." Also, as to who are the beneficiaries of the Lillie Sullenger estate, and whether or not the claim of the rightful heirs is or is not preferential.

The pleading sets out precisely who are now the heirs of Lillie Mae Sullenger, but it is not shown that there is any dispute, nor do we perceive how there could be any actual controversy on this point; nor is it shown that any one of the parties to the suit, not heirs of Lillie Mae Sullenger, are asserting any claims to this particular property if it did come to the hands of Mrs. Durham, as administratrix of B. L. Sullenger's estate. Mrs. Lawrence and Mrs. Durham (individually) are not made parties.

It is stated that demand has been made of Mrs. Durham, as administratrix, for the payment of the sum claimed out of the estate of B. L. Sullenger, deceased, upon the filing of duly authenticated claims against the estate, and the demand was met with refusal. This apparently involves a claim in the settlement of the B. L. Sullenger estate. However, after declaring the existence of controversy, the plaintiff merely asks the court for "a declaration of rights, as hereinabove set out," and as we analyze the pleadings, while no rights are set up, it is said that there is an actual controversy as to the matters above mentioned.

As to whether B. L. Sullenger, as trustee or administrator, was indebted to the estate of Lillie Mae Sullenger at the time of his death, without a showing that anyone is contending otherwise, and as to whether or not the indebtedness of B. L. Sullenger to the estate of Miss Sullenger at the time of the latter's death is a preferred claim against the estate of B. L. Sullenger, which apparently, as far as the record shows, is not disputed, are clearly matters which may be determined, as well as the other alleged controversy, in a suit to settle, or in the settlement of, the B. L. Sullenger estate.

The same proceedings were had here as in the Jim Sullenger case, the court first overruling motion of defendants to dismiss on the same grounds therein stated,

but sustaining special and general demurrers of the defendants, and dismissing the declaratory pleadings of plaintiffs. What was said in that case in regard to the court's rulings are in a great part applicable here, but the fact outstanding in the present case is that there is not presented such a case as is cognizable, or one such as is contemplated, by the provisions of the Declaratory Judgment Law, and the existence of this fact alone would have been sufficient to have justified the chancellor in dismissing without prejudice, as is provided for in that portion of the act which gives the court a discretion; the court may refuse to exercise the power to declare rights, duties or other relations in any case where a decision under it would not terminate the controversy, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances. Section 639a—6, Civil Code of Practice. Supreme Tent of Knights of Maccabees of the World v. Dupriest, 235 Ky. 46, 29 S. W. (2d) 599; Mason's Adm'r v. Mason's Guardian, 239 Ky. 208, 39 S. W. (2d) 211, and the later case of Commonwealth v. Crow, 263 Ky. 322, 92 S. W. (2d) 330; Lyttle v. Keith, 264 Ky. 652, 95 S. W. (2d) 299; Fidelity & Casualty Trust Co. v. Grabfelder, 282 Ky. 730, 140 S. W. (2d) 362. The same applies in the Jim Sullenger case, supra.

We are thoroughly convinced that if the court below had undertaken, or we should now undertake under the pleadings presented, to declare the rights of the parties, some of which are purely academic, the real controversy, which is in the background, would not be thus terminated. Being of this opinion, we conclude that the chancellor properly dismissed the proceedings below, which dismissal, however, should be without prejudice (Section 639a—6 Civil Code of Practice). The judgment is affirmed.