DRAVO

v.

LIBERTY NAT. BANK & TRUST CO. et al.

Court of Appeals of Kentucky.

Feb. 5, 1954.

As Modified on Rehearing May 7, 1954.

The devise is in the nature of a spendthrift trust with provisions for delivery of the corpus in whole or in part to James when in the uncontrolled discretion of the trustee he should be deemed competent to manage his own affairs. A conditional remainder interest in the devise was given the beneficiary's brother, Emory Low Dravo. The trust estate consists of a 60 acre farm and around $15,000 in personalty. The will contained this provision:

"If any person receiving any benefits under this will shall either directly or indirectly resist its probate, or seek in any manner or way, either directly or indirectly, to contest or vacate or annul any provisions of this will, then and in any such event, the person or persons so doing, or for whom anyone authorized by law to act shall do so, shall forfeit any and all interests in my estate under this will as though such person or persons had died before me leaving no issue surviving him or her or them."

The petition states that an actual controversy exists between the plaintiff, James Stuart Dravo, on the one side and the defendants, the trust company and Emory Low Dravo, on the other as to whether a suit to construe the will, determine the intent of the testatrix and define the plaintiff's rights and the trustee's powers, duties and rights under the will and enforce the plaintiff's rights as may be determined, would be in conflict with the forfeiture provision of the will. Other allegations relate to the plaintiff's competency to handle his own affairs and, in effect, to the arbitrary action of the trustee. These averments, however, are but the plaintiff's reasons for wanting to bring the contemplated suit and are not material. The prayer of the petition is for a "declaration of his rights, upon the sole and only question of whether a suit" for the purposes described "would be in violation of the forfeiture clause of said will."

The present chancellor's predecessor overruled demurrers to the petition. By a joint answer the defendants admitted the existence of an actual controversy and sub-

Ollie James Cohen, Lawrence F. Speckman, Elmer R. Johnson, Louisville, for appellant.

Alfred C. Krieger, Goldstein & Poynter, Louisville, for appellees.

STANLEY, Commissioner.

The appeal brings for review the ruling and appropriate order of the circuit court that the appellant's suit for a declaration of rights is not maintainable.

The plaintiff's mother, Mrs. Nellie A. Dravo, who died in April, 1936, devised half of her estate to her son, James Stuart Dravo, in trust, the Liberty National Bank and Trust Company being named the trustee.

stantially all the allegations concerning the powers and rights claimed by the trustee, but denied other averments. On defendants' motion, the court reconsidered the demurrers to the petition, vacated the previous order, and sustained the demurrers. The petition was thereupon dismissed.

The case was practiced under the Code. Sec. 639a–2 (now KRS 418.045) provided where an actual controversy existed in respect thereto that "any person interested under a * * * will * * * or who as * * * beneficiary is interested in any estate * * * may apply for and secure a declaration of his right or duties, even though no consequential or other relief be asked. The enumeration herein contained does not exclude other instances wherein a declaratory judgment may be prayed and granted under section 639a–1 of this act, whether such other instances be of a similar or different character to those so enumerated." However, Sec. 639a–6 (now KRS 418.065) permitted the court to refuse to make a declaration of rights "where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances."

■ Thus, the statute expressly authorizes a declaratory judgment as to a beneficiary's rights under a will without a decree of enforcement. In Maas v. Maas, 305 Ky. 490, 204 S.W.2d 798, 800, we commented upon the progressive broadening of the scope and utility of the declaratory judgment statutes generally and observed that our own statute "is broad, flexible, and almost unlimited in its scope." Subsection 6 of Sec. 639a, Civil Code, quoted above, indicates that in the stated conditions a court in its discretion need not render such a judgment. It is upon this and a like provision in the uniform act that the courts generally hold that a declaratory judgment should not or cannot be made as to questions which may never arise or which are merely advisory, or are academic, hypothetical, incidental or remote, or which will

not be decisive of any present controversy. Borchard, Declaratory Judgments, pgs. 293, et seq. We have recognized this in many cases, among which are: Black v. Elkhorn Coal Corp., 233 Ky. 588, 26 S.W.2d 481; Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601; Oldham County ex rel. Woolridge v. Arvin, 244 Ky. 551, 51 S.W.2d 657; Hunt-Forbes Const. Co. v. City of Ashland, 250 Ky. 41, 61 S. W.2d 873; Fidelity & Columbia Trust Co. v. Grabfelder, 282 Ky. 730, 140 S.W.2d 362; Sullenger's Adm'r v. Sullenger's Adm'x, 287 Ky. 238, 152 S.W.2d 570; Commonwealth ex rel. Watkins v. Winchester Water Works Co., 303 Ky. 420, 197 S.W.2d 771. These and other cases relied upon by the appellees to sustain the ruling of the court fall within one or the other of these categories.

■ The criterion that should govern the courts is not that there is a present controversy but a justiciable controversy over present rights, duties or liabilities. This is so although the effect of the judgment is prospective. A declaration in such a case is not only expedient but is just, and is within the design and purview of the statute. This is the proper construction and utility of the act as stated by Borchard in the chapter of his authoritative work entitled, "Avoiding Peril," pp. 927, et seq. By the procedure a party is enabled "to avoid the risks of error or disaster by suing an interested adversary for a declaration of his privilege or immunity before acting on his own view of his rights * * *. The removal of the cloud from his claimed privileges and immunities clarifies the rights of all parties concerned." p. 929. The learned author, upon cited authority, states that one of the major purposes of the Act is to afford relief from uncertainty and insecurity. He quotes, p. 931, as picturesquely describing this special function, a statement made in Congress some years ago with reference to the Federal Declaratory Judgment Act by the Honorable Ralph Gilbert, a Representative of Kentucky, as follows:

"Under the present law you take a step in the dark and then turn on the light to see if you stepped into a hole.

Under the declaratory judgment law you turn on the light and then take the step."

■ We think there is a present and very formidable justiciable question presented in this case. The inquiry is, "May I now sue for a construction of the will and enforcement of my rights under it without a forfeiture of those rights?" His trustee and brother say, "No." It is a present controversial question. The courts are, of course, often called upon to decide the right of a party to maintain an action. Borchard, under the subject title, Beneficiaries Claim Relief From Forfeiture, says, (p. 964):

"The beneficiary of a gift or legacy on condition, performance of the condition being disputed by donor, executor, or trustee, and forfeiture threatened, may seek the protection of a judicial declaration that the condition has been substantially performed, or that by taking certain action he would perform it, or that its nonperformance is excusable. He thereby obtains a decision before forfeiture can be invoked against him, and in the event that the decision is adverse to his claim, he may still take such action as may be necessary to avoid the threatened forfeiture. The dispute as to the performance of the condition is placed in issue before rather than after the foreclosure, and when it is still remediable."

A case unusually similar and very pertinent to the one at bar is Cohen v. Reisman, 203 Ga. 684, 48 S.E.2d 113, 114. A will contained a provision of forfeiture in this language: "In the event any of the beneficiaries under this will shall seek to involve my estate in litigation or shall attempt to contest or break this will." A beneficiary sought a declaratory judgment as to whether she would forfeit her interest should she bring an action seeking to show that the executor had wrongfully withheld from her assets of the estate to which she was entitled, and that the executor had perpetrated a fraud. Said the court:

"Here is an unquestionably justiciable controversy where there is uncertainty and insecurity with respect to rights of the litigant as to whether she would forfeit her rights under the will by bringing an action of the character indicated. It follows from what has been said that the instant case comes clearly within the purview of the declaratory-judgment act, and the trial court properly overruled the general demurrer attacking the petition on this ground.

"* * * the trial court. properly entered judgment declaring that the plaintiff beneficiary could maintain an action. in the proper tribunal to bring the executor to account on the grounds set out in the petition, and also correctly ruled that the beneficiary did not forfeit her legacy under the will by reason of having instituted the present action for a declaratory judgment."

We think the present suit for a declaratory judgment as to the plaintiff's immunity of liability in bringing the contemplated suit is maintainable and the trial court erred in ruling to the contrary.

Being a suit in equity in which there is no fact to be developed or determined, we deem it expedient not to remand the case without expressing a view on the merits of the question in issue or without settling the controversy.

■ It is to be noted the condition of forfeiture of benefits under the will is that one shall "resist its probate or seek in any manner or way, either directly or indirectly, to contest or vacate or annul any provision of this will." The contemplated suit as described in the petition (and as should be confined in the judgment), would not seek to annul or vacate any part of the will, including the forfeiture clause itself; nor would it endeavor to defeat the expressed intention of the testatrix as to the plaintiff's share in her estate. On the contrary, the suit would affirm the terms of the will and seek merely to establish the beneficiary's rights as he asserts them to be and give effect to the real intent of the testatrix according to the beneficiary's interpretation.

Such an action does not constitute a violation of the forfeiture clause. George v. George, 283 Ky. 381, 141 S.W.2d 558; Cohen v. Reisman, supra, 203 Ga. 684, 48 S.E. 2d 113; Marx v. Rice, 1 N.J. 574, 65 A.2d 48, 9 A.L.R.2d 584; Notes 5 A.L.R. 1372.

A declaratory judgment to the effect that a suit to construe the will and to have the rights of the parties adjudicated will not forfeit the interest or right of any beneficiary. The judgment in this case should go no further.

The judgment is reversed.