## 18595

The BANK OF AUGUSTA, Respondent, v. SATCHER MOTOR COMPANY, INC., Commercial Credit Corporation, Appellants, and Robert L. Brown, Respondent.

(152 S. E. (2d) 676)

*Messrs. Williams & Johnson,* of Aiken, *for appellant,*

*Messrs. N. Welch Morrisette,* and *Marchant, Bristow & Bates,* of Columbia, *for respondents,*

January 12, 1967.

LEWIS, Justice.

This action for declaratory judgment was instituted by plaintiff, The Bank of Augusta, against the defendants, Satcher Motor Company, Inc., Commercial Credit Corporation, and Robert L. Brown to have determined the priority of the lien of a mortgage held by plaintiff over a certain 1965 Ford automobile. The defendant Brown filed an answer to the complaint and also a cross action for damages against the defendant Satcher Motor Company. Satcher and Commercial demurred to the complaint and Satcher in addition filed a demurrer to the cross action. The lower court overruled the demurrers and Satcher and Commercial have appealed from the order so entered. Since the demurrers to the complaint and the demurrer to the cross action present somewhat different issues, they will be considered separately.

### Demurrers to the Complaint

The complaint alleged that on or about January 19, 1965, one L. E. Pate executed to plaintiff a chattel mortgage over a 1965 Ford automobile, securing the payment of a note in the amount of $3,423.60; that at the time of the execution of the mortgage Pate had in his possession the original manufacturer's certificate of origin for the automobile, issued by the defendant Satcher Motor Company showing no lien or encumbrance thereon; that thereafter Satcher, wil-

fully and without legal process, by the use of duplicate keys took possession of the automobile from the said Pate and converted the same to its own use; that Satcher subsequently, on or about May 24, 1965, sold the automobile to defendant Brown and issued to Brown a duplicate manufacturer's certificate of origin (the original certificate allegedly having been previously issued to Pate), showing thereon a lien on the vehicle in favor of Commercial in the amount of $3,436.15; that plaintiff's mortgage constituted a first lien on the vehicle; that default had been made in the payments due thereon; and plaintiff is entitled to possession of the automobile under the terms of its note and mortgage.

The prayer for relief seeks a declaratory judgment (1) that the lien of plaintiff's mortgage is prior to the claims of the defendants, (2) that plaintiff is entitled to immediate possession of the automobile in accordance with the terms of its note and mortgage, and (3) that the seizure of the automobile by Satcher from Pate (plaintiff's mortgagor) was unlawful and constituted a conversion thereof. No monetary judgment is sought by plaintiff against any of the defendants.

The defendants Satcher Motor Company and Commercial Credit Company interposed separate demurrers to the complaint, which present substantially the same issues on appeal. All questions before us under these demurrers may be properly disposed of by a determination of (1) whether the complaint states a cause of action for declaratory judgment and (2) whether several causes of action have been improperly joined in the complaint. These will be disposed of in the order stated.

The complaint is not subject to demurrer for failure to state a cause of action for declaratory judgment if the facts alleged show the existence of a justiciable controversy between the parties. *Foster v. Foster,* 226 S. C. 130, 83 S. E. (2d) 752; *Dantzler v. Callison,* 227 S. C. 317, 88 S. E. (2d) 64; *Plenge v. Russell,* 236 S. C. 473, 115 S. E. (2d) 177; *Hardwick v. Liberty Mutual Insurance Company,* 243 S. C. 162, 133 S. E. (2d) 71.

The foregoing factual allegations of the complaint clearly show an actual controversy between the parties relative to the priority of their respective claims with a request that the legal rights and duties of the parties be determined by the court.

The Uniform Declaratory Judgments Act provides that "courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." Section 10-2002, 1962 Code of Laws. And Section 10-2003 specifically provides that any person interested under a written contract or whose rights, status or other legal relations are affected by a contract may obtain a declaration of rights, status or other legal relations thereunder.

Under the foregoing statutory provisions, a declaratory judgment action is available to have determined the validity or priority of mortgages covering the same property. 22 Am. Jur. (2d), Declaratory Judgments, Section 64; *Merchants and Farmers State Bank of Weatherford v. Rosdail,* Iowa, 131 N. W. (2d) 786.

It is contended however that under the facts alleged the plaintiff had available other remedies for the assertion of its rights and therefore an action for declaratory judgment was not proper. While it is true that the plaintiff had available other remedies, this fact alone would not bar an action for declaratory relief. The Uniform Declaratory Judgments Act so provides. Section 10-2002, *supra; Southern Railway Co. v. Order of Railway Conductors of America,* 210 S. C. 121, 41 S. E. (2d) 774. In the cited case it was pointed out that the statutes make the granting of a declaratory judgment a matter resting in the sound discretion of the trial court to be reasonably exercised in furtherance of the purposes of the statute; and the fact that other remedies are available does not preclude the granting of a declaratory judgment but are factors to be considered by the court in the exercise of its discretion. Declaratory relief will however ordinarily be refused "where a

special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances." *Williams Furniture Corporation v. Southern Coatings & Chemical Co.,* 216 S. C. 1, 56 S. E. (2d) 576, quoting from *Aetna Casualty & Surety Co. v. Quarles,* 4 Cir., 92 F. (2d) 321.

While the plaintiff had available actions for claim and delivery and to foreclose its chattel mortgage, we find nothing under the facts alleged, when tested by demurrer, to indicate that they would be more effective or appropriate to settle the controversy between the parties than the action for declaratory judgment.

Additionally, the defendants argue that the complaint fails to state a cause of action in that there are no allegations that Pate, plaintiff's mortgagor, owned the automobile at the time he executed the mortgage to plaintiff. While there is no specific allegation that Pate owned the automobile at the time he mortgaged it to plaintiff, such is clearly inferable from the facts stated. The allegations that Pate executed a mortgage to plaintiff over the automobile and had in his possession the original manufacturer's statement of origin (the indicia of ownership prior to the issuance of a certificate of title, Sections 46-150 and 46-150.3, 1962 Code of Laws) sufficiently allege ownership in Pate.

While the defendants contend that several causes of action have been improperly united in the complaint, we think that the foregoing allegations, properly construed, state only a cause of action for declaratory judgment. The primary relief sought is that plaintiff's mortgage be declared a first lien over the automobile. The facts alleged are appropriate to such relief. The allegations that Satcher converted the automobile to its own use do not change the action to one for conversion, as defendants apparently contend, but simply characterize the actions of Satcher in obtaining possession of the vehicle from plaintiff's mortgagor as such acts may affect the title subsequently acquired by Brown.

Neither does the fact that plaintiff seeks a determination of its right to possession of the automobile change the nature of the action. Section 10-2012 specifically provides that "further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." As stated in 22 Am. Jur. (2d), Declaratory Judgments, Section 100: "Under these provisions, a court, in a proceeding for declaratory relief, may grant consequential or incidental relief, that is, it may enter a judgment granting both declaratory and coercive relief, where the proper grounds for such relief appear from the pleadings and proof." An annotation on the subject appears in 155 A. L. R. 501.

The lower court properly overruled the demurrers to the complaint.

### Demurrer to cross action

The defendant Brown filed a cross action for damages against the defendant Satcher Motor Company based upon Satcher's alleged fraud and deceit in selling Brown the automobile represented to be new and upon which there were no liens when, in fact, the automobile was a used one upon which plaintiff held a mortgage.

Satcher demurred to the cross action upon the ground that it attempted to set up against it a cause of action which did not arise from the same transaction set forth in the complaint. The lower court overruled the demurrer holding that the facts alleged in the cross action arose from the same transaction which formed the basis of plaintiff's cause of action.

While the Uniform Declaratory Judgments Act does not specifically provide for the filing of cross actions between co-defendants, proceedings brought under the Act are governed by the applicable established rules of pleading. 22 Am. Jur., Declaratory Judgments, Section 87. Under our practice, such cross actions may be filed where the cause of action stated therein arises from, or is germane to, the transaction set forth in plaintiff's complaint. A cross

action may not introduce new matters which are outside the original controversy. *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326.

The cross action in this case is in no way germane to the subject matter of plaintiff's complaint and a decision of the issues raised by it is not necessary to a complete determination of the action of plaintiff for declaratory relief. The controversy which formed the basis of plaintiff's cause of action related solely to the priority of the liens held by the parties over the automobile, whereas the cross action seeks damages against a codefendant based upon alleged fraud and deceit practiced in the subsequent sale of the vehicle. The determination of the right of the defendant Brown to recover damages arising from fraud in the sale of the automobile to him is totally disconnected from the issues relating to plaintiff's right to declaratory relief based upon the priority of its mortgage over the vehicle.

The cross action was not properly pleadable in this action for declaratory judgment and the demurrer interposed thereto by the defendant Satcher Motor Company should have been sustained.

The judgment of the lower court is accordingly affirmed in part and reversed in part in accordance with the foregoing views.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.