Robert W. Kellerman, R. Douglas Martin, Frankfort, for Appellee.

Linda Darleen WEIAND, Appellant,

v.

BOARD OF TRUSTEES OF KENTUCKY RETIREMENT SYSTEMS; Steven Joseph Weiand; and Chris Gorman, Attorney General of the Commonwealth of Kentucky, Appellees.

No. 95–CA–2270–MR.

Court of Appeals of Kentucky.

Jan. 17, 1997.

Before EMBERTON, MILLER and SCHRODER, JJ.

SCHRODER, Judge:

This appeal addresses whether a divorced wife who is named as beneficiary of her ex-husband's retirement benefits may seek a declaratory judgment to determine whether she will be entitled to those benefits upon her ex-husband's death. We believe that she may.

Steven J. Weiand (Steven) retired from the Louisville Police Department on April 1, 1988. Prior to his retirement, he chose the "Survivorship 100%" retirement benefits option. This plan provided him with a monthly benefit for life, and upon his death, his beneficiary would continue to receive that same amount of monthly benefits. Steven chose his wife, Darleen, as that beneficiary. He entered pay status in April 1988.

Darleen filed for divorce in July 1988, and the couple entered into a Marital Settlement Agreement in February 1989. The agreement provided that Darleen would receive 31.182% of each pension benefit payment Steven received from Kentucky Employees' Retirement System (KERS) and that Darleen would remain the named beneficiary under the survivorship option of the plan.

Darleen proffered a qualified domestic relations order (QDRO) to KERS, but KERS rejected it based on KRS 61.542(2), which states in pertinent part:

When the first retirement allowance payment is issued by the State Treasurer and subsequent thereto:

. . .

(b) A member shall not have the right to change his beneficiary after the first benefit payment has been issued by the State Treasurer. The estate of the retired member becomes the beneficiary if ... the retired member had designated a spouse and they were divorced on the date of the retired member's death.

Having received KERS' decision, Darleen filed for declaratory judgment with the Franklin Circuit Court. She disputed that KERS could assert its position, disputed KERS' interpretation of the statute, and asserted that KERS' interpretation was violative of the Fifth and Fourteenth Amendments of the United States Constitution.

The circuit court, relying on *Veith v. City of Louisville,* Ky., 355 S.W.2d 295 (1962), granted KERS' motion for summary judgment and dismissed the case. The court reasoned:

Plaintiff seeks a declaration that she is entitled to receive her ex-husband's retirement benefits upon his death, but her right, if any, to receive those benefits is contingent upon her actually surviving her ex-husband. While this contingency could occur, it has not yet occurred and the possibility exists that it may never occur. Thus, the Plaintiff presents us with a situation which is speculative at best. As counsel for the Defendants correctly point out, even if we rule upon the issue Plaintiff presents and we find merit in the Plaintiff's position, this Court's judgment would have no legal significance if the Plaintiff predeceases her ex-husband. Because we find that there is no real or justiciable controversy before us, a ruling in this case would amount to an advisory opinion.

In order to obtain a declaration of rights, there must exist an actual controversy. KRS 418.040. Appellant likens "actual controversy" with the concept of "case or controversy" and contends that according to federal law, an actual controversy exists because the controlling fact upon which KERS based its decision was the divorce of the Weiands, not the possibility of Darleen's predeceasing Steven. Appellant also argues, for the first time on appeal, that the rejection of the QDRO prevents her from directly receiving the 31.182% of Steven's monthly pension and results in an immediate and continuing deprivation of her rights, and thus, an actual controversy exists.

We will not address the latter argument, as it was not properly preserved for appeal. *See Skaggs v. Assad, By and Through Assad,* Ky., 712 S.W.2d 947 (1986). Nor do we believe that resort must be had to federal law. We do believe, however, that an actual controversy exists.

The Kentucky Supreme Court stated in *Board of Educ. of Boone County v. Bushee,* Ky., 889 S.W.2d 809, 811 (1994):

In a declaratory judgment action, it has been well recognized by this court that the question is not one of a present controversy as contended by the Board, but rather whether there is a *"justiciable controversy* over present rights, duties or liabilities." *Dravo v. Liberty Nat. Bank & Trust Co.,* Ky., 267 S.W.2d 95, 97 (1954) (emphasis added). "This is so although the effect of the judgment is prospective." *Id.*

(Emphasis original.)

We believe that Darleen's right to receive benefits as Steven's beneficiary was vested according to the terms of the retirement benefits policy. That right may be subject to divestment, but that is for the trial court to determine once the merits of the case are reached. And they should be reached. The question is whether Darleen presently has the right to be Steven's beneficiary now that they are divorced and Steven is in pay status, thereby unable to change his beneficiary.

Put another way, does Darleen's status as a divorced spouse automatically prevent her from being Steven's beneficiary? Linked to that question is whether KERS has the duty to recognize Darleen as Steven's beneficiary and accept the QDRO, based both on Steven's choice of beneficiary and the Marital Settlement Agreement. Whether Darleen outlives Steven in order to become his beneficiary has no effect upon her ability to remain his beneficiary in the first place. As a result, we believe the issue presented by appellant is justiciable.

Our holding is in accord with *Continental Ins. Co. v. Riggs*, 277 Ky. 361, 126 S.W.2d 853, 855 (1939), wherein the purpose of the Declaratory Judgment Act was set forth:

> [T]o make courts more serviceable in the settlement of controversies and afford relief from uncertainty and insecurity with respect to rights. It is to be liberally interpreted and administered, and should not be used as a technical bar to the administration of justice.

Accordingly, the Judgment of the Franklin Circuit Court is reversed and remanded for a decision on the merits of the case.

MILLER, J., concurs.

EMBERTON, J., dissents by separate opinion.

EMBERTON, JUDGE, dissenting.

I respectfully disagree with the majority opinion. The facts under which the substantive issue of this case is presented are little more than hypothetical—speculative at best. The trial court is correct in holding that a real or justiciable controversy is not presented. I would affirm.