**BANK ONE KENTUCKY NA (Formerly Liberty Bank and Trust Company), Appellant,**

v.

**WOODFIELD FINANCIAL CONSOR- TIUM LP (Successor in Interest to PNC Bank Kentucky, Inc. (Formerly Citizens Fidelity Bank & Trust Company), National City Bank Kentucky (Formerly First National Bank of Louisville), and Stock Yards Bank & Trust Company); Diversified Capital; Donald N. Pritzker; Meyer Goldman; Simon Zunamon; LHR–Partners, Ltd.; and REFCO– Louisville Corporation, Appellees.**

No. 96–CA–000218–MR.

Court of Appeals of Kentucky.

Sept. 19, 1997.

Rehearing Denied Dec. 5, 1997.

John T. Ballantine, Gregory Cornett, Ogden Newell & Welch, Louisville, for Appellant.

Neil C. Bordy, Bill V. Seiller, Seiller & Handmaker, L.L.P., Louisville, for Appellees LHR–Partners, Ltd. and REFCO–Louisville Corp.

Donald L. Cox, Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, for Appellees Diversified Capital, Donald N. Pritzker, Meyer Goldman and Simon Zunamon.

Richard L. Sullivan, Conliffe, Sandmann & Sullivan, Louisville, for Appellee Woodfield Financial Consortium L.P.

Before BUCKINGHAM, HUDDLESTON and KNOPF, JJ.

## OPINION

HUDDLESTON, Judge.

Bank One Kentucky NA, formerly known as Liberty National Bank and Trust Company of Kentucky, appeals from an order dismissing its petition for a declaration of rights under a loan agreement and mortgage between it and other banks, as obligees, and LHR–Partners, Ltd., as obligor. Jefferson Circuit Court dismissed the petition on the ground that no justiciable controversy was presented. We vacate the dismissal order and remand for further proceedings.

In 1975, REFCO–Louisville Corporation set about to construct a luxury hotel, the Hyatt Regency, in downtown Louisville. It arranged partial financing with four Louisville banks: Liberty National (now Bank One Kentucky), Citizens Fidelity Bank & Trust Company (now PNC Bank Kentucky, Inc.), First National Bank of Louisville (now National City Bank Kentucky), and Stock Yards Bank & Trust Company.[1] REFCO formed

---

1. The complaint in this action was filed by National City Bank Kentucky, Liberty National Bank & Trust Company of Kentucky, and Stock Yards Bank & Trust Company against LHR–Partners, Ltd., REFCO–Louisville Corporation, Diversified Capital, Donald N. Pritzker, Meyer Goldman, Simon Zunamon, and PNC Bank Kentucky, Inc. (Citizens Fidelity). While this action was pending, Woodfield Financial Consortium LP purchased the interests held by National City

LHR–Partners, Ltd. and became its general partner. Upon its formation, the four banks lent LHR $1,275,000.00.

Certain provisions of the 1975 loan agreement are of particular relevance in this action. The agreement provides that LHR is to make payments of principal and interest semi-annually to the extent of its "available cash." Available cash is defined as the net income of LHR, increased by depreciation and reduced by payment of all installments due on any other indebtedness of LHR.

Another provision of the agreement prohibits LHR from incurring any additional indebtedness (with the exception of trade debts and short-term indebtedness repayable in 90 days or less and not exceeding $25,000.00 in the aggregate) without the written consent of the lenders which advanced a majority of the financing.

The due date on the loan is December 31, 2005. If LHR defaults before that time, the lenders are not obligated to make any further advances under the agreement and may, after notification and an allowance of fifteen days for LHR to cure, declare, by unanimous consent, all sums advanced under the agreement immediately due and payable.

In 1982, the parties amended the loan agreement to provide that LHR could incur indebtedness for working capital to meet operating needs. All other provisions of the 1975 loan agreement were reaffirmed. At the same time, LHR granted the banks a mortgage on the property.

In 1991, Diversified Capital agreed to loan LHR $3,500,000.00. Contemporaneously, Citizens Fidelity (PNC Bank) entered into a contract with Diversified in which it agreed to subordinate its mortgage on the Hyatt Regency to that held by Diversified. Citizens Fidelity also purported to make the mortgage held by the other banks junior to

that of Diversified. Three years later, the present action for a declaration of rights was filed.

The only remaining plaintiff-appellant, Bank One (Liberty), seeks a declaration that the mortgage held by the banks is superior to the mortgage granted to Diversified. Secondly, Bank One seeks a ruling that the incurring of debt by LHR to Diversified, as well as the subordination agreement executed by Citizens Fidelity, breached the loan agreement.

Ky.Rev.Stat. (KRS) 418.040 allows a plaintiff to seek a declaration of rights when an actual controversy exists, whether or not consequential relief is, or could be, sought.[2] The Declaratory Judgment Act is "... remedial; [its] purpose is to make courts more serviceable to the people by way of settling controversies, and affording relief from uncertainty and insecurity with respect to rights, duties and relations, and [is] to be liberally interpreted and administered." KRS 418.080. *See Continental Ins. Co. v. Riggs*, 277 Ky. 361, 126 S.W.2d 853, 855 (1939); *Weiand v. Board of Trustees of Kentucky Retirement Systems*, Ky.App., 936 S.W.2d 778, 780 (1997).

When a motion to dismiss a complaint seeking a declaration of rights has been made, the question presented to the court is not whether the plaintiff will ultimately prevail. Rather, such a motion challenges the sufficiency of the complaint and the court is called on to determine whether the complaint states a cause of action for declaratory relief. In ruling on a motion to dismiss, it is improper for the court to consider whether the plaintiff will ultimately prevail, *City of Louisville v. Stock Yards Bank & Trust Co.*, Ky., 843 S.W.2d 327, 328 (1992). Furthermore, the complaint must be construed in the light most favorable to the

---

Bank, Stock Yards Bank, and PNC Bank in the loan to LHR. Thus, Woodfield now claims a right to repayment of 80% of the total outstanding balance on the loan. Woodfield moved to dismiss the appeal on the basis that it now occupies a slot on both sides of the appeal and does not wish to pursue it. The motion was denied, but the parties have been realigned.

**2.** Ky.Rev.Stat. (KRS) 418.045 provides, in relevant part, that:

Any person interested under a deed, ... or other instrument of writing, or in a contract, written or parol ... provided always that an actual controversy exists with respect thereto, may apply for and secure a declaration of his rights or duties, even though no consequential or other relief be asked. * * *

plaintiff and all allegations taken as true. *Whittington v. Whittington,* Ky.App., 766 S.W.2d 73, 74 (1989). Therefore, the only question appropriately before the circuit court, and this Court, is whether Bank One has stated a cause of action for declaratory relief.

■ One reason for dismissing a complaint for declaratory relief, and the ground upon which the circuit court did so in this action, is that no justiciable controversy exists for the court to resolve. *HealthAmerica Corp. of Kentucky v. Humana Health Plan, Inc.,* Ky., 697 S.W.2d 946, 948 (1985); *Weiand, supra* at 779.

> In a declaratory judgment action, it has been well recognized by this court that the question is not one of a present controversy ... but rather whether there is a *"justiciable controversy* over present rights, duties or liabilities." *Dravo v. Liberty Nat'l Bank & Trust Co.,* [Ky.,] 267 S.W.2d 95, 97 (1954) (emphasis supplied). "This is so although the effect of the judgment is prospective." *Id.*

*Board of Education of Boone County v. Bushee,* Ky., 889 S.W.2d 809, 811 (1994).

■ A justiciable controversy concerning present rights, duties or liabilities does not include questions "which may never arise or which are merely advisory, or are academic, hypothetical, incidental or remote, or which will not be decisive of any present controversy." *Dravo, supra* at 97. Consequently, abstract or speculative propositions simply made to satisfy the curiosity of the parties are not appropriate for declaratory relief. *Shearer v. Backer,* 207 Ky. 455, 269 S.W. 543, 545 (1925).

Now that the general principles to be considered in deciding whether Bank One has stated a claim for relief under the Declaratory Judgment Act have been set forth, we turn to the specific contentions made in this appeal.

■ First, it is argued by the appellee that a declaration concerning the priority of mortgage liens which may never come into conflict with one another presents a question that is speculative and should not be decided unless and until a conflict requiring such a

determination arises. As noted by the parties, there is no Kentucky law directly on point. However, a survey of case law from other jurisdictions reveals that the majority position is that a complaint seeking a declaration regarding priority of liens presents a justiciable controversy fitting for declaratory relief.

For example, in *Bank of Augusta v. Satcher Motor Co.,* 249 S.C. 53, 152 S.E.2d 676 (1967), the South Carolina Supreme Court considered a complaint for declaratory relief seeking a decision on which creditor's lien on an automobile had priority. In holding that the controversy was appropriate for declaratory relief, the Court examined the language of the statute, which is virtually identical to Kentucky's, and said that "a declaratory judgment action is available to have determined the validity or priority of mortgages covering the same property." 152 S.E.2d at 678. The Court went on to say that while another type of remedy may be available (such as a foreclosure action), such an action would not necessarily be more effective and its availability did not preclude a declaratory judgment action. 152 S.E.2d at 679.

In another case, factually similar to the one under consideration in this appeal, namely *Grambo v. South Side Bank & Trust Co.,* 141 Pa.Super. 176, 14 A.2d 925 (1940), a declaratory judgment action was brought to determine the priority of two mortgages. Anna Grambo and her husband had conveyed a parcel of land to Catherine Cunion. Cunion executed a mortgage in favor of Peoples Mortgage Company. A few days later, she also executed a mortgage to the Grambos. 141 Pa.Super. at 178, 14 A.2d at 926. Two years later, Cunion granted another mortgage to Dollar State Bank & Trust Company from which she satisfied the mortgage owing to Peoples. On the same day, Grambo's husband, without her knowledge or consent, executed a document purporting to subordinate the Grambo mortgage to that held by Dollar. 141 Pa.Super. at 179, 14 A.2d at 926. Time passed and both Grambos died. South Side Bank & Trust Company succeeded Dollar on its mortgage and Anna Grambo's executrices brought a declaratory

judgment action to determine priority between the mortgages. *Id.*

In holding that a declaratory judgment action could be maintained to determine priority between the two mortgages, the Superior Court of Pennsylvania said:

> We are all of the opinion that the remedy was a proper one. It is true that the plaintiffs had a remedy, frequently employed, by foreclosing their mortgage. That remedy, however, under the circumstances would be expensive and slow.... If the plaintiffs were purchasers on their foreclosure they would not have a marketable title while the controversy remained unsettled.... It seems to us that it is a typical case for a declaratory judgment.

141 Pa.Super. at 179, 14 A.2d at 926.

■ In line with these and other authorities,[3] we hold that an action seeking a declaratory judgment to determine the priority of mortgages covering the same property may be maintained.

■ The remaining two arguments advanced by Bank One are also justiciable issues under the Declaratory Judgment Act. Bank One claims that LHR breached the loan agreement by incurring indebtedness to Diversified, thereby reducing the "available cash" payable to the four banks, including Bank One, in semi-annual installments to virtually zero.[4] It also contends that the subordination agreement executed by Citizens Fidelity, which declares all of the banks' interests junior to Diversified's mortgage, breaches the loan agreement.

Both of these contentions require an interpretation of the loan agreement, in other words, the construction and effect of a contract. Declaratory judgment actions are frequently brought to test the validity of contracts and to determine whether they have been breached. *Jefferson County v. Chilton,* 236 Ky. 614, 33 S.W.2d 601, 604 (1930); KRS 418.045.[5]

■ It is argued that the loan agreement is clear and unambiguous, and that, by its terms, LHR is only obligated to pay the appellants to the extent of its available cash until the year 2005. Moreover, it is contended that because there has been no foreclosure or other adverse action, there is presently no reason to determine Bank One's right to receive semi-annual payments. These contentions are misplaced for two reasons. First, the question is whether a claim for declaratory relief seeking construction and interpretation of a contract is valid under KRS 418.040. Clearly it is. Secondly, there has been no discovery in this case and the loan agreement is not completely free of ambiguity.[6]

Finally, whether Citizens Fidelity's action in subordinating its mortgage, and all the other banks' interests, to Diversified is effective and/or breaches the loan agreement, is an issue intertwined with the question of priority of mortgages and the construction of the contract. To decide either claim by Bank One, this factor, and its effect, if any, must be considered.

■ The appellees' argue that a declaration on whether the contract has been

---

3. *See* 22 Am.Jur.2d *Declaratory Judgments* § 173 (1988).

4. The appellees suggest that the issue of Bank One's right to receive semi-annual payments on the loan to LHR was not addressed in the trial court and should not be considered on appeal. In fact, this issue was presented to the court and may be considered by this Court. *Mid–Southern Toyota, Ltd. v. Bug's Imports, Inc.,* Ky., 453 S.W.2d 544, 548 (1970).

5. *See generally,* 22A Am.Jur.2d *Declaratory Judgments* § 62 (1988).

6. Paragraph 8(f) of the 1975 loan agreement states: "[P]ayments on the principal up to a maximum of $127,500 a year and payments of

interest prior to December 31, 2005, *shall be made semi-annually* to the extent of the 'available cash' of LHR." (Emphasis supplied.) While available cash is defined in the agreement, as noted in the body of this opinion, we think that there exists a real issue as to whether LHR has impaired Bank One's right to receive any payment on its loan.

In a case similar to the one at bar, Kentucky's highest court affirmed a ruling that interest on a loan, with its principal due in four years and no provision for acceleration, must be paid annually. *Terrell v. Cheatham,* 200 Ky. 667, 255 S.W. 262, 265 (1923).

breached will not terminate the controversy and, therefore, is not appropriate for declaratory relief. When a declaration of rights will not terminate the controversy among the parties, then the court is not obligated to entertain the action. KRS 418.065; *Sullenger's Adm'r v. Sullenger's Adm'x,* 287 Ky. 238, 152 S.W.2d 570, 571 (1941). However, the mere fact that *litigation* may not be terminated by the declaration is not grounds for denying declaratory relief because the statute itself contemplates that further litigation may result. *Mid–Southern Toyota, Ltd. v. Bug's Imports, Inc.,* Ky., 453 S.W.2d 544, 548 (1970). If an advance determination of the rights, duties or liabilities of the parties will "eliminate or minimize the risk of wrong action or mistakes," then the court may make a declaration. *McConnell v. Commonwealth,* Ky.App., 655 S.W.2d 43, 45 (1983).

 It appears that one of Bank One's ultimate goals is to establish its right to receive semi-annual payments from LHR. If the court issues a declaration regarding the issues brought before it in Bank One's original complaint, this question will be answered. Thus, although a decision in this case may not end the litigation between the parties, the rights, duties and liabilities of the parties as to the matters in controversy will be decided.

In conclusion, we hold that Bank One's complaint presents issues which are proper for declaratory relief. We express no opinion regarding the merits of the action. Accordingly, the order dismissing the petition for declaratory relief is vacated and this case is remanded to Jefferson Circuit Court for further proceedings.

All concur.