THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Cleveland
 Sanders, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Corrections, Respondent.
 
 
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2011-UP-180
 Submitted April 1, 2011  Filed April 19,
2011    

AFFIRMED

 
 
 
 Cleveland Sanders, pro se, for Appellant.
 Heath McAlvin Stewart, III, of Columbia,
 for Respondent.
 
 
 

PER CURIAM: Cleveland Sanders appeals the trial court's order
 dismissing his civil action against the South Carolina Department of Corrections­­­
 (the Department).  On appeal, Sanders argues the trial court erred in: (1)
 finding the action under the South Carolina Tort Claims Act (the Act) was
 barred because the two-year statute of limitations had run; (2) granting the
 Department's motion for summary judgment on his gross negligence claim under
 the Act; (3) dismissing his claim regarding access to outside dental care; and
 (4) denying his motion for a declaratory judgment.  We affirm.[1]  
1.  As to whether the
 trial court erred in finding Sanders's
 action was barred under the Act because the two-year statute of limitations had
 run:  The trial court properly held
 Sanders's action was barred by the statute of limitations because Sanders's
 second complaint was not filed within two years after the date of loss. See S.C. Code Ann. §
 15-78-110 (2005).   Although the
 exact date of loss is not established in the record, we know Sanders's alleged
 date of loss occurred between November 11, 2001, and August 23, 2002, the time
 he was placed in administrative segregation.  The statute of limitations, therefore, tolled no later
 than August 23, 2004.  Furthermore,
 evidence in the record suggests Sanders knew of the alleged loss by February
 21, 2003, because he filed his initial
 complaint in state court that day. 
 Additionally, Sanders failed to timely file after the District Court dismissed
 his initial complaint on February 11,
 2004.  In fact, he did not file his
 second state complaint until almost eighteen months after the District Court
 dismissed his complaint.  See 28 U.S.C. § 1367(d) (1990) (noting the statute of
 limitations for a claim asserted under this section is tolled for thirty days
 after it is dismissed by the federal courts unless state law provides for a
 longer tolling period).   Accordingly,
 Sanders's action under the Act was barred by the statute of limitations.[2]
2.  As to whether
 the trial court erred in dismissing his
 claim regarding access to a private dentist: We affirm the trial court's grant of summary judgment on Sanders's
 access to outside dental care claim.  Government has an "obligation to
 provide medical care for those whom it is punishing by incarceration."  Estelle v. Gamble, 429 U.S. 97, 103 (1976). "An inmate must
 rely on prison authorities to treat his medical needs; if the authorities fail
 to do so, those needs will not be met."  Id.  "In the worst cases, such a failure may
 actually produce physical 'torture or a lingering death,'  In less serious
 cases, denial of medical care may result in pain and suffering   . . . ."  Id.  (internal citation omitted).  "The infliction of such
 unnecessary suffering is inconsistent with contemporary standards of decency as
 manifested in modern legislation codifying the common-law view
 that it is but just that the public be required to care for the prisoner, who
 cannot by reason of the deprivation of his liberty, care for himself."  Id. at 104. (quotation marks and citations omitted). The Eighth Amendment prohibits
 a "deliberate indifference to serious medical needs of prisoners."  Id. This
 deliberate indifference "constitutes the 'unnecessary and wanton
 infliction of pain,' proscribed by the Eighth Amendment."  Id.  (citation
 omitted).  "In order to state a cognizable
 claim, a prisoner must allege acts or omissions sufficiently harmful to evidence
 deliberate indifference to serious medical needs."  Id. at 106.  
Here, Sanders failed to make any allegations
 of deliberate indifference.  In his complaint, Sanders
 sought injunctive relief for the Department's denial of his request to visit a private
 dentist.  However, this allegation alone fails to demonstrate acts or omissions sufficiently harmful to evidence
 deliberate indifference to serious medical needs.  Furthermore, Sanders is not
 guaranteed the right to medical treatment of his choice.  See Leatherwood
 v. Ozmint, No. 2:10-cv-00048-RBH, 2010 WL 4751398, at *2 (D.S.C. November 16, 2010) ("The
 United States Constitution requires that prisoners be provided with a certain
 minimum level of medical treatment, but it does not guarantee to a prisoner the
 treatment of his choice.").
3. As to whether the
 trial court erred in denying his motion
 for a declaratory judgment:  We find the
 trial court did not abuse its discretion in denying Sanders's request for a
 declaratory judgment. "[T]he granting of a declaratory judgment [is] a
 matter resting in the sound discretion of the trial court to be reasonably
 exercised in furtherance of the purposes of the
 statute; and the fact that other remedies are available does not preclude the
 granting of a declaratory judgment, but are factors to be considered by the
 court in the exercise of its discretion."  Bank of Augusta v. Satcher
 Motor Co., 249 S.C. 53, 58, 152 S.E.2d 676,
 678-79 (1967).  "Declaratory relief will however ordinarily be
 refused where a special statutory remedy
 has been provided, or where another remedy will be more effective or
 appropriate under the circumstances."  Id. at 58-59, 152 S.E.2d at 679 (quotation marks and
 citation omitted).   Here, the trial court properly found declaratory
 judgment improper because more appropriate avenues of relief existed for
 Sanders's claims.  For his escape charge, Sanders had access to the prison grievance
 system as well as the administrative law court.  Additionally, Sanders had the
 opportunity to seek relief in federal and state courts regarding his
 constitutional claims.
For the foregoing reasons,
 the decision of the trial court is 
AFFIRMED.  
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because the statute of limitations barred any claims
 under the Act, we decline to address Sanders's issues regarding the trial court's
 grant of summary judgment for the gross negligence claim and the dismissal of the
 private dental claim.  See Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an
 appellate court does not have to address issues when the disposition of a prior
 issue is dispositive).