RENDERED:  JANUARY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0214-MR


RICHARD M. BREEN AND ANN W.
BREEN                                                                APPELLANTS


                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE BRIAN C. EDWARDS, JUDGE
                ACTION NO. 22-CI-003759


NOLAN LEUTHAUSER; AMANDA S.
DAVENPORT, M.D.; C. BARRET
BIRNSTEEL; CITY OF GLENVIEW;
HELEN T. SIMON LIVING TRUST;
LOURIE BIRNSTEEL; NORA C.
SUTHERLAND; ROBERT E.
SUTHERLAND, JR.; RYAN A.
BURSON; SARAH LEIGHT; THE
SARAMMA CHERIAN RESTATED
TRUST; AND WESTENHOFER
FAMILY REVOCABLE LIVING
TRUST                                                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, EASTON, AND TAYLOR, JUDGES.

EASTON, JUDGE:  The Appellants, Richard M. Breen and Ann W. Breen (collectively "the Breens"), filed a Complaint and Declaratory Judgment Action against the owners of all properties in their Glen Arden Road neighborhood, including Appellees Nolan Leuthauser ("Leuthauser") and Sarah Leight ("Leight"). The Breens also named the City of Glenview ("the City") as a party.  All the properties involved are located in the City.

The Breens filed their case in response to a permit application filed by Leuthauser and Leight to use their property as a short-term rental home or Airbnb.[1] The Complaint sought to enjoin such use of the property.  The Breens specifically sought a declaration that Glen Arden Road is a private road.  The Breens argue that the joint easement which comprises a private road may not be overly burdened by increased Airbnb traffic.  The Breens also contend that use as an Airbnb would violate zoning regulations and subdivision restrictions.

Having at least temporarily abandoned the seeking of a permit, Leuthauser and Leight filed a Motion to Dismiss the Complaint.  The circuit court dismissed the Complaint in its entirety.  We conclude that the circuit court could

---

[1] An abbreviation for "Air Bed and Breakfast."  Less than twenty years ago, the concept of the Airbnb arose in cities with limited or expensive hotel space.  The choice of the name is because originally homeowners or apartment renters offered to place an air mattress on the floor and provide access to breakfast foods for a set price.  Part of the so-called "sharing economy," this type of accommodation has become a popular option to replace traditional hotels or similar places to stay for short terms. *Why Is It Called Airbnb? The Origin Story and Its Impact Today*, AIRDNA, https://www.airdna.co/blog/why-is-it-called-airbnb (last visited Dec. 10, 2024).

not proceed with a moot, unripe controversy and give an advisory opinion.  Even if a proper and present controversy existed, the circuit court did not abuse its discretion in declining to proceed with the declaratory judgment action.  The Complaint otherwise did not state a cause of action.  We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Glen Arden Road is a narrow, basically one-lane road with five homes having access from it.  Leight's grandparents, Dr. Leonard Leight and Adele Leight, owned the home at 6 Glen Arden Road (the "Leight Property").  After the death of her grandparents, Leight and her husband Leuthauser purchased the home in March of 2022.

While Leight's grandparents owned the property, it had been used as an exhibition space for contemporary glass art.[2]  Not needing the home as a residence for themselves, Leuthauser and Leight considered renting it to small groups for limited periods.  They filed a Short-Term Rental Conditional Use Permit Pre-Application with Louisville Metro Planning and Design Services.  Part of the process for such permits is to conduct a neighborhood meeting about the proposed use.

---

[2] This arguably non-residential use apparently was not a problem for the Breens or the other Glen Arden Road neighbors.  The details of this use and whether this presents any question of estoppel or waiver as to non-residential use of the Leight property is premature.

Leuthauser and Leight conducted two neighborhood meetings, one in April and another in June of 2022. After such meetings, an applicant has a limited period to proceed further with the application process. During this stage of the process, the Breens filed this suit. Leuthauser and Leight ultimately declined to file a formal permit application with the Louisville Metro Board of Zoning Adjustment ("BOZA") within the 90-day deadline. Thus, that permit application died.

Clearly, the Breens do not want the issue to arise again. They seek permanent injunctive relief. The Breens present the Glen Arden Road area as an historic and exclusive neighborhood, and they want to keep it that way.

The most important word in the Complaint is a short one – *if*. This word begins multiple paragraphs[3] of the Complaint. The Complaint states a clear claim only with respect to *if* the Airbnb permit were to be allowed. While the Complaint demands damages, it does not say what for. There is no stated claim that extra expenses for the maintenance of the road have been sustained due to use as an Airbnb, which has not been permitted. The Complaint does not state any other damages actually incurred from any other cause.

The Complaint mentions deed restrictions for property on Glen Arden Road. The Declaration of Restrictions states: "No lot shall be used except for

---

[3] *See* Complaint, Paragraphs 20, 43, and 45.

private single-family residential purposes." The same document states: "No trade or business of any kind . . . shall be conducted on any lot, nor shall anything be done thereon which may become an annoyance or nuisance to the owner or owners of other lots."

The Complaint also mentions the "Glenview Area Neighborhood Plan" ordinances passed by the Louisville Metro Government. The Glenview Area Neighborhood Plan limits all multi-family housing to areas already zoned for such development, limits all non-residential uses to those already in existence, and limits Glen Arden Road to single-family residences.

The City timely filed its Answer and responded to the Breens' discovery requests. The City admitted it has not spent any funds to repair, repave, or maintain Glen Arden Road. The City admitted that its 2022 budget did not allocate any funds for the maintenance of Glen Arden Road and that it did not presently maintain Glen Arden Road. The City acknowledged that it had not "taken any action to dedicate Glen Arden Road to the City of Glenview as a public road or easement." A City ordinance[4] recognizes the existence of private roads in the City and creates a process to make them public roads. Nothing in the record suggests that Glen Arden Road has gone through this process.

_____

[4] Ordinance 3, Series 2010, was enacted when Richard Breen was mayor of Glenview.

After abandoning their permit application, Leuthauser and Leight moved to dismiss the Complaint under CR[5] 12.02 for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Their motion asserted that no case or controversy was ripe for adjudication because BOZA had not issued a permit allowing short-term rentals of the Leight Property. They argued that, since a formal application was not filed with BOZA within the required 90-day timeframe, there was no present controversy, and the Breens were asking the circuit court for an improper advisory opinion about potential, future situations.

While this dispositive motion was pending, the Breens tendered Agreed Judgments with the defendants other than Leuthauser, Leight, and the City. These documents consist of copied form orders. The form recognizes Glen Arden Road as a private road, claims commercial use would overburden the easement, and then parrots the contents of applicable restrictions. The circuit court subsequently entered most of these Agreed Judgments. The Breens offered these Agreed Judgments showing that all the other neighbors agreed with them.

The circuit court entered an Opinion and Order Granting Defendants' Motion to Dismiss. The circuit court held it did "not have jurisdiction over this matter since there is no justiciable controversy." The court noted Leuthauser and

---

[5] Kentucky Rules of Civil Procedure.

Leight never applied for the formal permit application with BOZA, and thus ruling on the merits of the Breens' Complaint "would be merely an advisory opinion for a hypothetical event that may never happen[.]" The Order and Opinion did not explicitly rule on the public/private status of Glen Arden Road, whether the contemplated use of the Leight Property is an actionable violation of deed restrictions, or whether the easement on Glen Arden Road would be overburdened by using the Leight Property as an Airbnb.

The Breens subsequently moved the circuit court to alter, amend, or vacate its Opinion and Order. The Breens also moved the circuit court to make findings of fact and conclusions of law on all issues. The Breens argued the court's entry of the Agreed Judgments concerning the dismissed defendants established jurisdiction over the matter. They further argued that the circuit court's later dismissal of the entire action was inconsistent with its earlier entry of the Agreed Judgments. The circuit court denied the Breens' motion. This appeal followed.

**STANDARD OF REVIEW**

When reviewing motions to dismiss under CR 12.02, the circuit court must accept any factual statements in the Complaint as true. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Dismissal should be granted only if the Plaintiff could not

succeed on the Complaint under any set of facts provable. *Id.* We review the granting of a motion to dismiss *de novo*. *Id.*

Regardless of facts alleged, the Kentucky Constitution limits circuit courts to decide only "justiciable" cases. KY CONST. § 112(5). If such a case is not present, the circuit court lacks subject matter jurisdiction to proceed. Even if a justiciable case exists for declaratory judgment, which is separately required by KRS[6] 418.040, then KRS 418.065 gives the circuit court discretion to decline to proceed with declaratory judgment. We review the circuit court's decision under KRS 418.065 for an abuse of discretion. An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

The circuit court dismissed the Breens' Complaint for lack of subject matter jurisdiction because there was no justiciable controversy. Our first question is whether the circuit court correctly determined there was no case or controversy to adjudicate.

The Kentucky Declaratory Judgment Act is found in KRS Chapter 418. The Act "is intended to be remedial in nature, and its purpose is to make courts more serviceable to the people by way of settling controversies and

---

[6] Kentucky Revised Statutes.

affording relief from uncertainty and insecurity with respect to rights, duties and relations." *Mammoth Med., Inc. v. Bunnell*, 265 S.W.3d 205, 209 (Ky. 2008) (citing KRS 418.080).

> KRS 418.040 states:
>
> In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that **an actual controversy exists**, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

(Emphasis added.)

The circuit court may also refuse to declare rights under certain circumstances.

KRS 418.065 states:

> The court may refuse to exercise the power to declare rights, duties or other legal relations in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances. The appellate court in its consideration of the case, shall not be confined to errors alleged or apparent in the record. When, in its opinion, further pleadings or proof is necessary to a final and correct decision of the matters involved, or that should be involved, it shall remand the case for that purpose; or if in its opinion the action is prematurely brought, or where a ruling in the appellate court is not considered necessary or proper at the time under all the circumstances, it may direct a dismissal without prejudice in the lower court.

When a party moves the court to dismiss a declaratory judgment action, "the question presented to the court is not whether the plaintiff will ultimately prevail." *Bank One Kentucky NA v. Woodfield Fin. Consortium LP*, 957 S.W.2d 276, 278 (Ky. App. 1997). Instead, the trial court's job is to "determine whether the complaint states a cause of action for declaratory relief." *Id.* at 278.

"One reason for dismissing a complaint for declaratory relief . . . is that no justiciable controversy exists for the court to resolve." *Id.* at 279 (citation omitted). The five justiciability doctrines are: (1) the prohibition against advisory opinions, (2) standing, (3) ripeness, (4) mootness, and (5) the political-question doctrine. *Commonwealth Cabinet for Health & Fam. Servs., Dep't for Medicaid Servs. v. Sexton by & through Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 193 (Ky. 2018).

"An actual controversy for purposes of the declaratory judgment statute requires a controversy over present rights, duties and liabilities; it does not involve a question which is merely hypothetical or an answer which is no more than an advisory opinion." *Barrett v. Reynolds*, 817 S.W.2d 439, 441 (Ky. 1991) (citation omitted).

In its Opinion and Order, the circuit court noted that the deadline to submit a formal permit application with BOZA had expired and there were no concrete plans going forward regarding short-term rentals at the Leight Property.

The court noted Leuthauser and Leight may never seek such a permit, and if they do, the permit will first go through BOZA. The permit may be denied. The circuit court concluded a ruling on the merits of the Complaint "would merely be an advisory opinion for a hypothetical event that may never happen[.]"

Regardless of the permit status, the Breens insist that the circuit court erred when it dismissed its cause of action regarding the public/private status of Glen Arden Road. The Breens' related argument is that future commercialization of the Leight Property would overburden the easement on Glen Arden Road. They see a current controversy on that issue.

The Breens cite *Kircheimer v. Carrier*, 446 S.W.3d 224 (Ky. 2014), in support. In *Kircheimer*, lot owners in the Sandy Beach Subdivision in Grayson County filed a petition for a declaration of rights seeking a judgment that a certain road, Sandy Beach Lane, was a private road. The lot owners sought to enjoin the developers of Sandy Beach Subdivision from developing the road on behalf of two adjacent subdivisions, Sandy Beach II and Taylor's Landing. *Id.* at 226. A one-foot strip of land referenced in the Sandy Beach Subdivision plat and its deed of restrictions physically separated Taylor's Landing and Sandy Beach II from Sandy Beach Lane. *Id.* The developers were allowing certain lot owners in Taylor's Landing and Sandy Beach II to build driveways over the one-foot strip of land to access Sandy Beach Lane. *Id.* at 227.

The Kentucky Supreme Court held Sandy Beach Lane was a private roadway for the sole use and benefit of the Sandy Beach Subdivision lot owners. *Id.* at 233. The court also held that neither the developers nor the lot owners in Taylor's Landing and Sandy Beach II could enlarge or extend the easement on Sandy Beach Lane by installing driveways that cross the one-foot strip and open onto the road. *Id.* at 232.

"It is well established that 'an easement for the benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts to which the right is not attached.'" *Id.* (citing *Cleve v. Nairin*, 264 S.W. 741, 742 (Ky. 1924)). The court stated the purpose of the rule against the enlargement of an easement is to "prevent an increase of the burden upon the servient estate." *Id.* "Just as an easement holder may not expand the use of the easement, a grantor is likewise prohibited from interfering with the dominant estate's use of the easement." *Id.* (citing *Sawyers v. Beller*, 384 S.W.3d 107, 111 (Ky. 2012)).

We find the present case distinguishable from *Kircheimer*. The developers of the Sandy Beach Subdivision had built and were building houses and allowing lot owners in Sandy Beach II and Taylor's Landing to build driveways over the one-foot strip of land to access Sandy Beach Lane. *Id.* at 226. Unlike the present case where there is no permit and thus no Airbnb operating, the *Kircheimer*

case involved a real and present use of the property and thus a justiciable controversy.

Similarly, the Breens' reliance on *Hensley v. Gadd*, 560 S.W.3d 516 (Ky. 2018), is misplaced. In *Hensley*, a developer of a subdivision ("Hensley") filed a complaint against a property owner ("Gadd") in the subdivision, alleging Gadd violated deed restrictions by using his properties for short-term rentals. Hensley asserted short-term rentals violated the restriction of using single-family residential properties for business purposes. *Id.* at 519. The Kentucky Supreme Court held a short-term rental home is not a single-family residence, but a type of hotel – therefore, Gadd's use of his properties violated the deed restrictions of the subdivision. *Id.* at 524.

The Breens assert the *Hensley* case authorizes adjudication of whether short-term rentals violate the Declaration of Restrictions. But, again, *Hensley* illustrates by contrast why the Breens cannot proceed with their present Complaint. In *Hensley*, Gadd actively rented and advertised his properties as short-term rentals. Since Leuthauser and Leight have not sought a permit with BOZA, a ruling on whether short-term rentals at the Leight Property would violate the Declaration of Restrictions would be a hypothetical advisory opinion, unlike the real and ongoing problem presented in *Hensley*.

The case actually pled (a pending permit) by the Breens has become moot. The controversy is not now ripe for a decision and would be an advisory opinion. The reference in briefs to other activities at the Leight Property does not alter this.

In briefs (but not in the Complaint), the Breens argue that other current commercialization of the Leight Property is an actionable violation of restrictions and an added burden to the private road. The Breens say that Leuthauser and Leight are currently renting the Leight Property as a "dormitory" to "five unrelated males in their twenties." The Breens did not plead this issue in their Complaint, and they did not amend their Complaint. No filed affidavit details this supposed use. What attorneys say in briefs is not the equivalent of properly pleaded facts.

The circuit court and this Court will not rule on unpled claims. Nothing will prohibit the Breens from filing another complaint properly pleading whether the use of the Leight Property as a "dormitory" violates restrictions or overburdens the easement.

KRS 418.065 contemplates such situations when a properly stated Complaint could present a justiciable case. The statute allows us to remand the case for dismissal of the present case without prejudice, allowing a new Complaint to present an actual and present controversy. We conclude that a decision on this

case as presented in the Complaint is "not necessary or proper at the time under all the circumstances." KRS 418.065.

The Breens next argue the circuit court's entry of the Agreed Judgments with the other defendants while the motion to dismiss was pending established jurisdiction over the matter. They claim the later dismissal of the entire action created an inconsistency in rulings regarding jurisdiction. We disagree.

As we have said, a circuit court has no subject matter jurisdiction over a non-justiciable claim. *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270 (Ky. App. 2005). "[D]efects in subject matter jurisdiction may be raised by the parties or the court at any time and cannot be waived." *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 47 (Ky. 1996) (citation omitted). There was no error for the circuit court to initially enter the Agreed Judgments and then later dismiss the Complaint in its entirety because of the lack of subject matter jurisdiction.

The Agreed Judgments did not resolve any dispute. The Breens gathered these statements from neighbors who were in sympathy with them. None of these people question the status of Glen Arden Road as a private road. The Agreed Judgments, having been entered in an overall case which is moot, unripe, and advisory, have no effect other than to serve as formal judicial admissions by the people who signed them.

The Breens' final argument is that the circuit court erred by not making certain findings of facts or conclusions of law in the court's Order Denying Motion to Alter, Amend, or Vacate. As previously mentioned, the circuit court's Order and Opinion did not rule on the public/private status of Glen Arden Road, whether commercialization of the Leight Property is an actionable violation of deed restrictions, or whether the easement on Glen Arden Road would be overburdened by using the Leight Property as a short-term rental property.

Part of the Breens' Motion to Alter, Amend, or Vacate asked the circuit court to make findings of fact and conclusions of law regarding the remaining issues pursuant to CR 52.04. The circuit court properly held that the Breens did not establish the presence of any circumstances articulated in *Gullion v. Gullion*, 163 S.W.3d 888 (Ky. 2005), which would allow granting their Motion to Alter, Amend, or Vacate.

The Breens further assert the circuit court must make findings of fact and conclusions of law under CR 52.01. The Breens contend that CR 52.01 requires findings of fact and conclusions of law when ruling on an injunction. The Breens' argument is inapposite. CR 52.01 and CR 52.04 apply to "all actions **tried** upon the facts without a jury or with an advisory jury[.]" (Emphasis added.) The Breens' Complaint was never tried; it was dismissed via a CR 12.02 motion. With such a motion, the circuit court must accept any factual statements in the

-16-

Complaint as true, and thus fact-finding is unnecessary in the analysis for dismissal.

The final Order and Opinion addressed the relevant facts and concluded the Breens' Complaint (including all injunctive relief sought) to be non-justiciable at this time. The issues of the public/private status of Glen Arden Road, whether commercialization of the Leight Property is an actionable violation of deed restrictions, or whether the easement on Glen Arden Road would be overburdened by using the Leight Property as an Airbnb related only to the injunction they sought. That injunction would have concerned the permit sought for an Airbnb. The circuit court correctly determined that the Breens failed to establish circumstances that would necessitate amending or altering the dismissal.

## CONCLUSION

Because the Breens' Complaint specifically alleged only the problems presented by an abandoned permit initially seeking to operate an Airbnb, the circuit court correctly determined the Breens' Complaint did not present a justiciable claim. The withdrawal of the permit application rendered the controversy moot. In the absence of a new permit or some other pleading of a violation, no ripe claim has been made. The circuit court properly recognized its duty not to provide an advisory opinion. The circuit court did not err in dismissing the Breens' Complaint which is without prejudice to a future pleading in which ripe claims of

actual controversy may be stated.  The judgment of the Jefferson Circuit Court is

AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

G. Adam Redden
Louisville, Kentucky

BRIEF FOR APPELLEES
NOLAN LEUTHAUSER AND
SARAH LEIGHT:

Michael B. Marks
Louisville, Kentucky

BRIEF FOR APPELLEE
CITY OF GLENVIEW:

Grover C. Potts, Jr.
Matthew L. Bunnell
Louisville, Kentucky